CHARLES DYER *vs.* HERBERT M. SHOVE *et al.*

PROVIDENCE—OCTOBER 12, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Upon the dissolution of a copartnership each partner has an equal right with the others.

To access to the books, and to the list of customers of the old firm.

To compete for the continuance of business with the old customers.

To the use of the name of the former copartnership.

BILL IN EQUITY to obtain an accounting for the supposed sale of the good will of the business of a copartnership of which the complainant and respondents were formerly members.

PER CURIAM. The testimony shows that upon the death of Addison H. White, the surviving partners of the firm of A. H. White & Co. separated, and that the firm had a large list of customers in its business of insurance, which is the only thing of value alleged to have been the property of the firm. The claim here made is that Herbert M. Shove sold the good will of the business, and the complainant, as surviving partner, asks an account. Upon the dissolution of the firm both partners had the right to access to the books, and to the list of customers of the old firm. Both had the right to

compete for the continuance of their business with the old customers. The respondent Sweet, knowing that Shove had this connection with a large line of customers, paid him a sum of money to be admitted into partnership with him. It does not appear that anything more than this was done. No exclusive right to the old business was conveyed. The complainant could have made a similar arrangement without infringing any right of his former partner Shove. One partner had as much right to use the name of the old firm as the other. There was, therefore, no sale of the good will of the old firm, assuming that it existed, and hence no ground for the bill on that account. *Rice* v. *Angell,* 73 Tex. 350.

The bill is dismissed.

*William A. Morgan and Arthur L. Brown,* for complainant.

