CARRIE E. HUTCHINSON, administratrix, vs. IRA A. NAY.

Suffolk.    November 28, 29, 1904. — January 6, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Partnership*, Good will.

On the dissolution of a partnership by the death of one of the partners the good
will of the partnership business is a part of the assets of the partnership, and, in
the absence of an agreement between the partners on the subject, the executor
or administrator of a deceased partner has a right to have it sold in the liquida-
tion of the assets of the partnership.

In this Commonwealth, where a sale of partnership assets including the good will
of the partnership has been forced upon a surviving partner by the adminis-
trator of a deceased partner, the surviving partner has the right to enter at once
on a competing business and solicit trade from customers of the firm.

Where the survivor of two partners in the teaming business after the death of his
partner carries on the business in his own name at the old stand with only
slight changes in the personnel of his customers for nearly two years, and then
sells the good will of his business with a covenant to remain in the employ of
the purchaser for six months and to do all in his power to hold the customers
for the purchaser and with another covenant not to engage in the teaming busi-
ness within the district covered by the old business for five years, he is under
no obligation to account for the proceeds in even a nominal sum to the executor
or administrator of his former partner, as the good will sold is his own and not
that of the former partnership.

BILL IN EQUITY, filed July 17, 1903, by the administratrix of
the estate of Joseph I. Hutchinson, who died on January 31,
1901, against the defendant as surviving partner of the firm of
Ira A. Nay and Company, which consisted of the defendant and
the plaintiff's intestate, praying for an account of the proceeds
of the good will of the late firm alleged to have been sold by
the defendant after the filing of the bill in the suit between the
same parties, in which the decision of this court was made which
is reported in 183 Mass. 355, and for an order to the defendant
to pay to the plaintiff her just and proper share of such proceeds.

The case came on to be heard before *Braley*, J., who reserved
it upon the pleadings and the evidence for determination by the
full court, such decree to be entered as law and justice might
require.

*W. P. Hale*, (*F. P. Carr* with him,) for the plaintiff.

*F. N. Nay*, (*R. E. Buffum* with him,) for the defendant.

LORING, J.  In the previous suit, *Hutchinson* v. *Nay*, 183 Mass. 355, the plaintiff sought to charge the defendant with the value of the good will of the former firm of Ira A. Nay and Company, which was dissolved by the death of Hutchinson, on two grounds, namely, that the defendant, the surviving partner, had agreed with the administratrix of Hutchinson's estate, the plaintiff, to buy the good will of the firm; and secondly, that he had appropriated it to himself and so was bound to account for its value.  The present bill is founded on the fact that while the first bill was pending the defendant sold the good will for $5,000.

We are inclined to think that the plaintiff is barred by the former suit from raising the question which is the subject of the present bill.  See *Foye* v. *Patch*, 132 Mass. 105.  But the effect of the sale of good will which has been made by the defendant has not been in fact considered by the court, and as the plaintiff in the opinion of the court is not entitled to maintain the present bill, even if the question is still open to her, we have thought it more satisfactory to dispose of the case on the merits of the question.

We are of opinion that on the dissolution of a firm caused by the death of one of the partners, the good will of the firm's business is a part of the assets of the partnership, and, in the absence of an agreement between the partners dealing with the matter, the administrator of a deceased partner has a right to have it sold as part of the assets of the firm.  But we also are of opinion that a sale thus forced upon the surviving partner does not stand on the same footing as a voluntary sale by a sole trader of the good will of his business.

The law of good will is of recent growth.  One hundred years ago it was the law of England that the good will of a partnership survived for the benefit of the living partner.  *Hammond* v. *Douglas*, 5 Ves. 539.  That is not so there to-day.  To-day, on the contrary, in England on the death of a partner, the executor or administrator of the deceased partner can have the good will sold as one of the assets of the firm.  *Johnson* v. *Helleley*, 2 DeG., J. & S. 446.  *Hall* v. *Barrows*, 4 DeG., J. & S. 150.  *In re David*, [1899] 1 Ch. 378, 382.  Lindl. Part. (6th ed.) 445.  In the growth of the law of good will in England an anomaly has crept in, which

has not obtained here, that is, that one who has voluntarily sold the good will of his business can set up a competing business but cannot otherwise derogate from his grant. It is undoubted law in England to-day. *Trego* v. *Hunt*, [1896] A. C. 7. It was held in *Labouchere* v. *Dawson*, L. R. 13 Eq. 322, that the result of working out the conflicting rights of the vendor and the purchaser of the good will of a business was this: The vendor can set up a competing business but he cannot solicit business from customers of the old firm. In *Ginesi* v. *Cooper*, 14 Ch. D. 596, Jessel, M. R., felt the anomaly which was involved in a rule which said to the vendor of his good will: You shall not derogate from your grant and so are forbidden to solicit business from customers of the old firm, but you may deal with them if they voluntarily come to you; and in *Leggott* v. *Barrett*, 15 Ch. D. 306, he enjoined such a vendor from dealing with the customers of the old firm. This gave rise to a variety of opinions, see *Pearson* v. *Pearson*, 27 Ch. D. 145, which were finally set at rest by the decision of the House of Lords in *Trego* v. *Hunt*, [1896] A. C. 7; and the line was finally drawn as it was drawn in *Labouchere* v. *Dawson*, L. R. 13 Eq. 322. But in delivering his opinion in *Trego* v. *Hunt*, [1896] A. C. 7, 19, Lord Herschell said, speaking of the result in *Labouchere* v. *Dawson:* " These circumstances appear to me to afford an indication that the courts recognized that their view of what was meant by 'good-will' and the effect of a sale of it differed from the popular conception. Where the goodwill of a business is not sold under circumstances such as I have been discussing, but the sale is the voluntary act of the vendors, I am by no means satisfied that a different effect might not have been given to the sale and the obligations which it imposed. It might have been held that the vendor was not entitled to derogate from his grant by seeking in any manner to withdraw from the purchaser the customers of the old business, as he would do by setting up a business in such a place or under such circumstances that it would immediately compete for the old customers. It is now, however, too late to make any such distinction. I think it must be treated as settled that whenever the goodwill of a business is sold the vendor does not, by reason only of that sale, come under a restriction *not to* carry on a competing business." To a similar

effect see Lord Macnaghten in *Trego* v. *Hunt*, [1893] A. C. 7, 23, 24; and Lord Davey, [1893] A. C. 27, 29.

What Lord Herschell there suggests might have been held in England has been held to be the law in Massachusetts. In Massachusetts the vendor of the good will of his business cannot set up a competing business at all, if by so doing he would derogate from his grant. *Webster* v. *Webster*, 180 Mass. 310.

But where a sale of partnership assets is forced upon the survivor by the administrator of a deceased partner, the surviving partner is not in the position of a sole trader who voluntarily has parted with the good will of his business. He is not bound to retire from business as a sole trader impliedly elects to do by voluntarily selling his good will. A sale of good will forced upon the surviving partner is like the sale of the good will of a sole trader by his trustee or assignee in bankruptcy. In that case it has been held in England that the bankrupt can not only set up a competing business, (a thing which may be done in England where a sole trader voluntarily sells the good will of his business, as has been shown,) but he may solicit business from his old customers, a thing which in England cannot be done in case of a voluntary sale. *Walker* v. *Mottram*, 19 Ch. D. 355. *Trego* v. *Hunt*, [1896] A. C. 7, 19, 23. No injustice is done to the estate of a deceased partner by this rule. If the estate gets all that the creditors of a sole trader can get, full justice is done to it, while to put the surviving partner in the position assumed by a sole trader who voluntarily has elected to sell his good will would be an act of great injustice. The law in England in this connection seems to be otherwise. In *In re David*, [1899] 1 Ch. 378, it was stated by Romer, J., in a case where there was an agreement for the sale of the good will on the death of one partner, that independently of that agreement the personal representative of the deceased partner had a right to have the good will sold, and if sold, the sale would be conducted on the basis on which the sale is conducted in case of a voluntary sale by a sole trader. And this had been assumed to be the law in the earlier cases of *Johnson* v. *Helleley*, 2 DeG., J. & S. 446, and *Hall* v. *Barrows*, 4 DeG., J. & S. 150, and has since been assumed to be the law in *Dixon* v. *Dixon*, [1904] 1 Ch. 161, and in *Curl Brothers* v. *Webster*, [1904] 1 Ch. 685. But the

practical result of holding the surviving partner to be in the position of a sole trader who voluntarily has conveyed the good will of his business is so different in England from what it is here that the authority of these cases is not of great weight in this Commonwealth.

For these reasons we are of opinion that if a sale of the firm's good will had been asked for and ordered in the case at bar, it would have been directed to be conducted on the footing that the surviving partner was at liberty to enter on a competing business and to solicit trade from the customers of the old firm.

Where, therefore, the defendant in the case at bar, for a year and eleven months after the death of Hutchinson, carried on business at the old stand, with customers of the old firm, there being only slight changes in the personnel of the customers, and then sold the good will of his business, with a covenant to continue in the employ of the purchaser for six months and to do all in his power to hold the customers for the purchaser, and with another covenant not to engage in the teaming business for five years within the district covered by the old business, the good will sold was not the good will of the old firm but the good will of the defendant, and there is no obligation to account for even a nominal sum.

The entry must be                    *Bill dismissed with costs.*