EBEN K. WHITTAKER, Appellant,

*vs.*

HARRIET E. JORDAN, Executrix.

HARRIET E. JORDAN, Petitioner,

*vs.*

EBEN K. WHITTAKER.

Hancock.    Opinion December 14, 1908.

*Surviving Partner.    Accounting.    Profits.    Revised Statutes, chapter 65, section 37*

The surviving partner of a firm of contractors and builders, with the acquiesence of the executrix of the deceased partner's will, continued after such dissolution of the partnership to use the plant, materials and capital of the firm to prosecute and complete the work of reconstructing a cottage known as the Gurnee job commenced prior to the death of the testator, and also to make repairs upon another building known as the Doe job pursuant to an engagement made prior to the dissolution of the firm.  By the decree of the Judge of Probate, the surviving partner was ordered to account for the entire net profits derived from the Gurnee and Doe contracts without any deduction for the services and money which he contributed to the earning of such profits.  It also appeared that the surviving partner, who had given bond to settle the partnership affairs, omitted to charge himself in his account with the gain represented by the difference between the appraised value and the actual value of the personal property.

*Held:*  (1)  That inasmuch as the good faith of the surviving partner was not impeached, the most that the representatives of the deceased partner

can justly demand is that the profits should be divided according to the capital after deducting such share of them as is attributable to the skill and services of the surviving partner.

(2)  That in this respect the decree of the Probate Court must be modified so as to require a division of the profits from the Gurnee and Doe contracts according to the capital contributed after deducting so much of them as may fairly be attributed to the services of the surviving partner for which he has not received adequate compensation in the commission of five per cent on $26,959.38 allowed him by the Judge of Probate.

(3)  That in the absence of any agreement that the surviving partner should take over the personal property at the appraisal, he was not entitled to the benefit of any difference there might be between the appraised value and the actual value of the property, but should charge himself in his account with such increase in value.

On report.     Appeal sustained.     Petition dismissed.

Two cases involving a consideration of the same facts and circumstances.     The first named case is an appeal by Eben K. Whittaker, surviving partner of the late firm of Jordan & Whittaker of Bar Harbor and who had given bond to settle the partnership affairs, from the decree of the Judge of Probate declining to allow his second account as surviving partner and directing an amendment of the same.     The last named case is the petition of Harriet E. Jordan, widow, sole executrix and sole residuary legatee of Albion F. Jordan, the deceased member of the aforesaid partnership, for leave to enter an appeal from the decree allowing the first account of the surviving partner.     The petitioner alleged "that through accident, mistake, defect of notice, and other reasons, without fault on her part, she omitted to claim her appeal within the twenty days provided for claiming appeals, and that justice requires a revision of said decree." This petition was filed in the Supreme Judicial Court, Hancock County, sitting as the Supreme Court of Probate.

Both cases were heard together at the April term, 1908, of said Supreme Judicial Court sitting as the Supreme Judicial Court of Probate.     At the conclusion of the evidence both cases were reported to the Law Court with full power on the part of that court to make such decrees as the sitting Justice would have.

The cases are stated in the opinion.

*Charles H. Wood,* and *John A. Peters,* for Eben K. Whittaker.

*Luere B. Deasy,* and *Bertrand E. Clark,* for Harriet E. Jordan.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

WHITEHOUSE, J.   These two cases come up on report, the Law Court to have full power to make such orders and decrees as the sitting Justice would have.   They involve a consideration of the same facts and circumstances and are to be determined upon the same evidence.   The following facts appear from an agreed statement of the parties and evidence introduced.

Prior to March 14, 1906, Eben K. Whittaker and Albion F. Jordan were partners doing a building business at Bar Harbor. On that date Mr. Jordan died leaving a will, which has been duly probated, and a widow, Harriet E. Jordan, who is his executrix and sole legatee.   Mr. Whittaker gave bond as surviving partner and proceeded to settle the partnership affairs.   He has filed two accounts.   In the first account which was allowed September 3, 1907, the surviving partner charged and was allowed commissions at 5 per cent on $26,959.38.   Mrs. Jordan as executrix has petitioned the Supreme Court for leave to enter an appeal from the allowance of this first account on the ground that the commission charged and allowed was excessive and on the further ground that the surviving partner used the capital of the partnership in his own business after the dissolution of the partnership by death and that he has failed to account for the profits received by him for such use.

The surviving partner filed his second account in October, 1907, and in that account charged a commission of 5 per cent amounting to $413.26 on $8,265.22 received by him in cash subsequent to the first account and, as before, credited the estate with nothing for the use of the property formerly of the partnership.   After hearing in the Probate Court a decree was entered by the Judge in which he found that all the items in the account, except the commission of $413.26 were just and true, and that as to that item a determination could not be made at that time and that it should be struck out without prejudice.   The Judge further ordered that the account be amended and that the surviving partner should charge himself and give credit to the estate for the profits derived by the surviving

partner after March 14, 1906, on certain jobs of repairing and alteration known as the Gurnee job and the Doe job.

From this decree the surviving partner appealed claiming that he was not obliged to account for any profits received by him on these jobs after the death of his partner and that the commission charged was just and reasonable.

It appears that the firm owned a mill, shop, storehouse and stable with the land on which they stood, situated at Bar Harbor, suitably equipped with machinery, appliances and materials, to enable the firm to carry on a building and contracting business.    Soon after the death of Mr. Jordan, this estate was appraised at $11,376, and the personal property (other than rights and credits) at $8,161.60.

With respect to the Gurnee job referred to in the decree of the judge of probate dated January 7, 1908, the case shows that at the death of Mr. Jordan the firm was engaged in altering and repairing Mr. Gurnee's cottage at Bar Harbor by virtue of a contract under which the firm was to furnish the necessary labor and materials, and Mr. Gurnee was to pay to the firm a profit on both.    The entire job involved an expenditure of about thirty thousand dollars.    In performing this work all of the assets and capital of the firm above described were employed and at the time of Mr. Jordan's death about one-third of the work had been completed.    After his decease the prosecution of the work was continued by the surviving partner, substantially as before.    The entire plant and establishment of the firm and all materials on hand suitable and necessary for the purpose were used by him to complete the work.    All money received from this job up to the time of the death of Mr. Jordan was properly credited to the firm, but all money received from the job after his death was appropriated by the surviving partner under a claim of right and never accounted for by him.

The Doe job consisted of repairs made on the inside of a store at Bar Harbor, but the work had not been actually commenced at the time of the death of Mr. Jordan.    The services of the firm had been engaged during the lifetime of Mr. Jordan.    There was never any entire contract respecting the work either with the firm or the surviving partner, but Mr. Whittaker sold materials and furnished

labor to Mr. Doe to the amount of about $1300, charging a profit on both, and as in the case of the Gurnee job, he used the plant of the establishment and some of the materials belonging to the firm in performing the work.

It is contended by Mr. Whittaker that he was entitled to use and employ all of the assets of the firm in his hands as surviving partner, except the money, and appropriate to his own use all of the profits derived therefrom in connection with these two jobs and is not to be held accountable for such use either in the form of a portion of the profits or by way of rent or compensation. In his testimony respecting the Gurnee job after the death of Mr. Jordan, Mr. Whittaker says: "I carried the job right on just as it had been carried on, only I carried it on for myself." He further testifies that he told Mr. Clark that all the business done then, he considered to be his own, that he was doing business for himself, and that he understood that as surviving partner he had a right to sell the partnership property to himself.

On the other hand it is contended in behalf of the widow and appellee that since all the property of the firm including the good will of the business came into the hands of the surviving partner as trustee, and a trustee is not allowed to make a profit for himself out of the trust property, she is entitled at her option to demand that the surviving partner account for either profits on the one hand or rents or interest on the other, and she avers that she has elected and does elect to receive her share of the profits.

It is suggested in behalf of the surviving partner in the first place, that soon after the death of Mr. Jordan, negotiations were commenced between Mrs. Jordan and Mr. Whittaker with reference to a purchase of the property by the latter, that their negotiations were continued until the following September at the request of Mrs. Jordan who desired to wait for the arrival of her brother from California, and that Mrs. Jordan was consequently responsible for the delay in the settlement of the estate. But the evidence fails to show that Mr. Whittaker was ever requested by her to delay the performance of his duty to sell the property of the firm to the best advantage of the estate.

It is not in controversy that as a result of the meeting in September, it was agreed that Mr. Whittaker should take the partnership real estate at the appraisal, and Mrs. Jordan thereupon joined in a conveyance of this real estate through a third person to Mr. Whittaker, who charged himself with the value of it in his first account. But it is contended that although this deed was given and dated in September, it was orally agreed before it was executed that the purchase was made "as of March 14," the date of Mr. Jordan's death, and that for this reason Mr. Whittaker became entitled to all the profits derived from the Gurnee and Doe jobs and the use of the real estate between March and September. But whether there was any such oral agreement, and whether the expression "as of March 14" was used at all in connection with the purchase are questions upon which there is a conflict of testimony. It is not in dispute that Mrs. Jordan and her counsel constantly insisted after the meeting of the parties in July that she was entitled to a share of the profits from these jobs. The deed contains no relinquishment of her claim for a share of such profits, and it is not claimed that any express reference was made to this question of profits at the time of the alleged oral agreement that the purchase was to be made "as of March 14."

It is therefore the opinion of the court that the evidence is not sufficient to prove that Mrs. Jordan released her claim for a share of the profits in question by virtue of the alleged oral agreement or otherwise.

The rule of law applicable to such a situation is correctly stated in *Robinson* v. *Simmons*, 146 Mass. 177, as follows: "We think a just rule to be deduced from the authorities is, that, when there are no circumstances which render its application inequitable, the profits should be divided according to the capital, after deducting such share of them as is attributable to the skill and services of the surviving partner. When his good faith and fairness are not impeached, the most that the representatives of the deceased partner can justly demand is, that he should account to them for their capital, and, in addition, for whatever it has earned. This involves the necessity of inquiring how much of the profits is attributable to

the services and skill of the surviving partners, and how much to the capital invested in the business. The latter portion of the profits shows what the capital has earned, and should rightfully be divided among the owners of the capital in proportion to their shares of the capital." See also *Chittenden* v. *Whitbeck*, 50 Mich. 401; *Jones* v. *Dexter*, 130 Mass. 380; *Freeman* v. *Freeman*, 136 Mass. 264, and 142 Mass. 98; *Moore* v. *Rawson*, 185 Mass. 274; *Hutchinson* v. *Nay*, 187 Mass. 262.

By the decree of the judge of probate dated January 7, 1908, the surviving partner was ordered to account for the entire net profits without any deduction for the services and money of the surviving partner which contributed to the earning of the profits. In this respect the decree must be modified so as to require a division of the profits from the Gurnee and Doe jobs according to the capital contributed, after deducting so much of them as may fairly be attributable to the services of the surviving partner for which he has not received adequate compensation in the commission of five per cent on $26,959.38 allowed him by the judge of probate in the first account.

But the appellee Mrs. Jordan further complains that Mr. Whittaker not only used the partnership real estate but also its equipment of partnership tools, appliances, horses, carts and building material. Mr. Whittaker claimed that he took over this personal property at the appraisal by virtue of an agreement with Mrs. Jordan. But the testimony does not satisfactorily show a mutual agreement to that effect, and in the absence of such an agreement, it is properly conceded by the counsel for the appellant that a surviving partner or other trust officer is not authorized to take over the personal property of an estate by charging himself with the appraised value. It is the duty of such officer to dispose of the property to the best advantage of all concerned and account for the proceeds. *Freeman* v. *Freeman*, 136 Mass. 264. Without an agreement therefor, the surviving partner is not entitled to the benefit of any difference there may be between the appraised value and the actual value of such property. The surviving partner should charge himself in his account with the gain on personal property.

With respect to the petition of Mrs. Jordan to enter an appeal from the decree allowing the first account of the surviving partner, the petitioner objects to the account, first, because nothing was allowed for profits on the Gurnee and Doe jobs, and second, because she claims that an excessive commission was allowed the surviving partner for services. But the petitioner is not aggrieved by the omission of these profits from that account, for the reason that the judge of probate ordered them included in the second account which has already been considered in the appeal of *Whittaker* against *Jordan, Executrix.*

With respect to the second objection, as already stated, a commission of five per cent on $26,959.38 was allowed to Mr. Whittaker. It is provided by section 37 of ch. 65, R. S., that administrators and surviving partners may be allowed a commission not exceeding five per cent on the personal assets "having regard to the nature, liability and difficulty attending their trusts." In this case after hearing the evidence in regard to the Gurnee and Doe jobs, the judge of probate said: "Considering the time he must have devoted to the completion of this work, I am of opinion that he should be allowed the full commission allowed by law, to wit, five per cent, as charged in his account." There is no evidence before this court to show that this was an excessive allowance, and it has been already observed on the appeal of *Whittaker* v. *Jordan, Executrix*, that in determining what part of the profits of the Gurnee and Doe jobs is attributable to the services of the surviving partner, the amount of commission allowed for his services may be considered.

It is accordingly the opinion of the court that justice does not require a revision of this decree, and the entry in *Jordan, petr.* v. *Whittaker*, must therefore be,

*Petition dismissed.*

In *Whittaker Apt.* against *Jordan, Ex'x* the entry is

*Appeal sustained.*

*Case remanded to the Supreme Court of Probate for a modification of the decree and further proceedings in accordance with the opinion.*