*577 OPINION.
Smith:
In filing their income-tax returns for the years 1920 and 1921 each of the petitioners excluded the payments made to the estate of Horace H. Soule in computing the amount of partnership income available for distribution to themselves, whereas the Respondent for each of those years added to the amount of net income reported by the partnership the amount .paid to Soule’s estate and included in the gross income of each of the petitioners his distributive share of the latter amount.
The petitioners contend that the effect of the partnership agreement of May 28,1912, was to obligate the surviving partners to pay to the estate of the deceased partner the share to which the deceased partner would have been otherwise entitled and not that it provided for the sale of the deceased partner’s interest to the surviving partners. Counsel for the petitioners cite Hutchinson v. Nay, 187 Mass. 262; 72 N. E. 974, and Rutan v. Coolidge, 241 Mass. 584; 136 N. E. 257, as standing for the proposition that in Massachusetts a sale of the good will and other assets of a partnership at the request of the representatives of a deceased partner leaves the survivors free to compete with the purchaser and to solicit business from former customers. From this they argue that since the value of the net assets of the partnership of Elmer A. Lord <⅞ Co. was so very small in comparison to the value of its good will that the agreed payments to be made to the Soule estate indicated that the petitioners were not purchasing anything from the estate, but rather that the agreement of May 28, 1912, placed an obligation in the nature of an expense upon the surviving partnership.
*578 Counsel for the respondent in his brief maintains that the payments made to the estate of Horace H. Soule constituted taxable income to the petitioners as part of their distributive shares of partnership profits, on the ground that such payments to the estate constituted a part of the purchase price to the surviving partners of Soule’s interest in the partnership.
Section 218 (cl) of the Revenue Act of 1918 and section 218 (c) of the Revenue Act of 1921 provide as follows:
The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 except that the deduction provided in paragraph (11) of subdivision (a) of section 214 shall not be allowed.
The respondent points out that the payments to Soule’s estate must be included in the net income of the new partnership unless such payments could be held to constitute a deductible expense under the provisions of section 214 (a) (1) of the Revenue Acts of 1918 and 1921, which reads in part as follows:
(a) That in computing net income there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *
The petitioners admit that the estate of Horace H. Soule was not at any time a member of the partnership of Elmer A. Lord & Co. and that the amounts paid to- such estate were part of the gross income of the new partnership. We think it clear that the payments made to the estate of Soule by the new partnership were not ordinary and necessary expenses deductible from gross income, and that, therefore, they must be included in the net income of the partnership. The question is as to whether the new partners should be liable to income tax in respect of the total profits of the partnership. The petitioners claim that by reason of the fact that under the agreements entered into they were obligated to pay a portion of these profits to the estate of Soule they should not be held a part of their distributive income of the partnership.
The evidence of record shows that at the time of the formation of the partnership of which Soule was a member it was recognized that his interest in the partnership had a large monetary value; further, that if the partnership assets were sold to any individuals only a part of that value could be realized. It was therefore provided that, if the surviving partners wished to carry on the business theretofore carried on under the name of Elmer A. Lord & Co., they should pay to the estate of the deceased partner a reasonable amount as the purchase price of the deceased partner’s share in the partnership assets. This could have been paid in cash, in which event there *579 could be no question but that the petitioners were liable to income tax in the manner determined by the respondent. It is contended, however, that, by reason of the fact that the petitioners chose to pay to the estate of the deceased partner a portion of the profits of the partnership over a period of years, they should not be held liable to income tax in respect to the proportion paid. We think, however, there is no merit in this contention. The profits of a partnership belong to the partners. They may chose to make any disposition which they wish of such profits. They may bind themselves to pay over those profits or a portion of them for the acquisition of a capital asset. We think that no valid claim may be made that the partners are not liable to income tax in respect of their shares of the partnership profits merely because by an agreement voluntarily entered into thej- have bound themselves to pay those profits for the acquisition of such capital asset. A partner may not avoid the income tax under an agreement by which his share or a portion of his share of the profits of the partnership are to be paid to the estate of a deceased partner in the acquiring of such deceased partner’s interest in the assets of a prior partnership.
In view of the direct affirmative evidence to the effect that article XIV of the agreement of May 12, 1928, was inserted to overcome the condition existing in the Commonwealth of Massachusetts whereby surviving partners may compete against the purchaser of a deceased partner’s interest, such agreement must be construed to have provided for the sale of the interest of a deceased partner to the surviving partners.
The evidence also indicates that during the year 1920 the business was operated by three partnerships as follows:
From January 1, 1920, to March 18, 1920, by a partnership composed of Hill, Plumer, and Soule.
From March 19, 1920, to March 81, 1920, by a partnership composed of Hill and Plumer.
From April 1, 1920, to December 81, 1920, by a partnership composed of Hill, Plumer, and Mason.
Consequently, the distributive share of each of the petitioners will be measured by his interest in each of these successive partnerships, including in the computation of the distributable net income of the partnerships composed of Hill and Plumer and of Hill, Plumer, and Mason, respectively, payments made to the estate of Horace H. Soule.
Keviewed by the Board.

Judgment will be entered under Rule 50.

Teussell dissents.