## VERCIMAK v. OSTOICH.

No. 7295. Decided August 21, 1950. (221 P.2d 602.)

See 47 C. J., Partnership, Sec. 850.  Partnership accounting includes good will, 118 A. L. R. 629.  See, also, 24 Am. Jur., 810.

*Gustin & Richards,* Salt Lake City, for appellant.

*Wendell C. Day,* Murray, for respondent.

LATIMER, Justice.

Plaintiff commenced this action in the court below for a

partnership accounting. He alleged that the partnership was terminated by the wrongful acts of defendant and that only a partial accounting was had. The trial court found that the defendant had terminated the relationship and had benefited by taking over a going business and awarded plaintiff judgment for one-half the value of the good will at the time of dissolution. Defendant appeals and contends that the findings and judgment are unsupported by any competent evidence.

The facts adduced before the trial court were substantially these: In the fall of 1947, defendant, an uncle of plaintiff, contacted the plaintiff at his home in Rock Springs, Wyoming, to ascertain if a partnership could be organized to operate a beer parlor. Plaintiff indicated his willingness to undertake such a venture if it could be continued in existence for at least five years. This was agreeable to defendant and it was agreed that plaintiff would move to the vicinity of Salt Lake City, that a partnership would be formed to operate a tavern and that to show good faith on the part of defendant the license would be taken in the name of the plaintiff. Defendant was and is the owner of the land and building which were occupied and used for the tavern business and plaintiff was to pay $100 per month to defendant for his portion of the rent of the premises. The terms of the partnership were not in writing but it was understood that each of the parties was to advance money to further the partnership venture and each was to share equally in the profits of the business. The business commenced operation December 13, 1947, under the trade name of "Horseshoe Inn" and continued until February 17, 1948. During January of 1948 disagreements between the parties arose and the breach widened to such an extent that on February 12, 1948, defendant informed plaintiff that the partnership was being terminated. At this time the parties met and determined the value of the inventory and the profits for the period of operation,

but presumably no final settlement was reached. Defendant continued to operate the business in substantially the same manner, at the same place, and under the same name, but contends that he is not accountable to the plaintiff for the value of any good will built up by the parties during their operation.

After a pre-trial hearing the issues in the case were narrowed to two questions: (1) Whether there had been a complete settlement of accounts between the partners; and (2) if not, what was the reasonable value of the business at the time of dissolution? These issues were tried before a trial judge and he found in favor of the plaintiff on the first question and in addition found that the partnership was a profitable going business which was reasonably worth the sum of $1,600.00. The court then awarded one-half of that amount to plaintiff.

We are of the opinion that there is evidence to sustain the trial court in its finding that a complete settlement had not been effectuated and that the partnership had an additional asset for which the defendant was accountable to the plaintiff. in regards to the first finding there is a dispute in the evidence as to whether the payments made by defendant were in full settlement of all accounts or were payments for specific items with an understanding that a final accounting would subsequently determine the true amount due. There being evidence to sustain the finding as made we overrule defendant's assignment of error to the contrary.

The second question presents the problem as to whether or not under the facts of this case the partnership had acquired good will for which defendant must account. The District Court of Appeals, 4th District, California, in the case of *Miller* v. *Hall*, 65 Cal. App. 2d 200, 150 P. 2d 287, 288, discusses the good will of a partnership's business. We concur in the reasoning in that case

and choose to follow its logic. There, the partnership was terminated because of the physical disability of one partner and the remaining partner continued the operation of the business. We quote from that decision:

"It is first urged that the court erred in holding that the good will of this business had any value, and in requiring Hall to account to Miller for anything in that regard. It is conceded that under some circumstances the good will of a business may be of a considerable value. But it is argued that upon the dissolution of a partnership each of the partners has a right to continue in the same line of business. It is then argued that in view of that right to compete it must be held, as a matter of law, that upon such dissolution the good will of the business is valueless and neither partner may be required to account to the other with respect thereto, and that this is true whether or not one of the partners does or can reengage in the same line of business since both have an equal right to do so. Cases from this state are cited in support of the rule that in the case of a dissolution each partner has a right to reengage in the same line of business in the absence of an agreement to the contrary. This rule may be conceded but it is not controlling here. The appellants also cite *In re Brown's Will*, 242 N. Y. 1, 150 N. E. 581, 44 A. L. R. 510; *Von Bremen* v. *MacMonnies*, 200 N. Y. 41, 93 N. E. 186, 32 L. R. A., N. S., 293, 21 Ann. Cas. 423; *Hutchinson* v. *Nay*, 187 Mass 262, 72 N. E. 974, 68 L. R. A. 186, 105 Am. St. Rep. 390; *Hutchins* v. *Page*, 204 Mass. 284, 90 N. E. 565, 134 Am. St. Rep. 656; *Williams* v. *Farrand*, 88 Mich. 473, 50 N. W. 446, 14 L. R. A. 161; and *Dyer* v. *Shove*, 20 R. I. 259, 38 A. 498. All of these recognize the fact that the good will of a business may have a value and that this value may be considerably less if one or all of the former owners are to continue in the same line of business. None of them, however, support the proposition, as a matter of law, that in the case of a dissolution of a partnership the theoretical right of each partner to continue in business will necessarily destroy all value of the good will as an asset of the partnership."

In the case of *Hutchins* v. *Page*, 204 Mass, 284, 90 N. E. 565, 566, 567, 134 Am. St. Rep. 656, where one partner upon dissolution had taken the physical assets of the partnership and had continued operation of the business, the court said:

"Neither party had any right to avail himself of the good will of the business, after the termination of the partnership, without paying for it. Each could commence a new business in his own name, and take advantage of the fact that he had formerly been a member of this firm. But neither had a right, as against the other, to continue the business of the firm, and retain the advantages that come from a direct succession and a continuation of a going business. The value of this right, so far as it

had a transferable value, belonged to both; and either could insist upon having his share of the benefit of it."

Defendant contends that since there was no lease on the premises running to the partnership and since any tenancy was only from month to month there could be no continuity and hence no good will. There are, of course, two reasons why the absence of a lease is not material. One is that legal proceedings were not taken to terminate the month to month tenancy granted to the partnership, and, secondly, the defendant always owned the property and did not require a lease to obtain the advantages of continued occupancy. It is true that one of the elements in good will is continuity of place. This continuity was assured by virtue of defendant's ownership of the premises and under these circumstances the absence of a written lease is not material. In determining the value of the good will the trial court could take into account the fact that the defendant was able to continue the operation of the business under the same name, at the same place, and with the advantages that had been developed by the partnership regardless of the absence of a lease.

Defendant further contends that there was insufficient evidence from which the trial court could make a finding as to the value of the good will of the partnership. Both parties introduced evidence to aid the court in solving this problem and the finding is well within the testimony of some of the witnesses. The account books of the partnership were introduced, showing that the profits earned by the partnership during the two months of its operations were $1,606.28. The period of operation was short and this might affect the value of the good will, but witnesses testified as to the business of the tavern during that period and stated that it seemed to be doing a thriving business. Operators of similar businesses testified that the license owned by the partnership and in the name of the plaintiff was a valuable asset and that the

location of the tavern was good. A bartender, employed by the defendant immediately after the termination of the partnership, testified that the net profits of the business was about $400 per week. His testimony was based upon his wages which included a salary and a commission on the amount of business transacted. A real estate salesman testified that the value of the partnership as a going business was about $6,500, adding that without a lease there would be some risk assumed by a buyer in purchasing such a business. Mr. Leonard, a witness for the defendant, testified that the good will of the business was worth approximately $1,000. In his testimony Mr. Leonard considered the desirability of obtaining a lease on the premises, but, as previously stated, the defendant is in as good a situation to profit from the pioneering work done by the partnership and continue the operation of the business as would be a purchaser with a lease. This for the reason that defendant owns the property and can continue in possession so long as he chooses.

The judgment is affirmed. Costs to respondent.

We concur:

PRATT, C. J. and WADE, and McDONOUGH, JJ., concur.

WOLFE, Justice.

The main question under the facts of this case is whether one partner who owns or leases a building which he devotes to the purpose of the partnership, being paid rent therefor out of the receipts of the business, which business consists of serving patrons on the premises, may, upon the termination of the partnership, continue to carry on the business at the said same premises under the said name without accounting to the outgoing partner for the good will created by the work of both partners operating during the partnership as aforesaid on said premises. I think the question is correctly answered in the main opinion. I therefore concur in its reasoning and result.