GEORGE B. JAMES *vs.* JOHN W. TILTON.

Suffolk.    November 25, 1902. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Bills and Notes.    Alteration of Instruments.*

If a promissory note is payable to a firm of three partners, and on the winding up of the partnership is turned over to one of them as part of his share of the assets, and he thereupon draws a line of ink through the firm name and inserts his own name as payee, and indorsements are made on the back of the note by the other partners, making the note payable to the partner to whom it belongs, and if that partner brings an action on the note against the maker, and, after it is begun,

erases his own name as payee and also the line that he has drawn through the firm name, restoring the note to its original condition except for the marks of alteration on its face, and if all these changes are made without the knowledge of the maker, but innocently or by mistake, and neither the maker nor any third person suffers any injury in consequence, the alterations constitute no defence to the action on the note.

CONTRACT on a promissory note. Writ dated April 12, 1893.

The case was tried in the Superior Court before *Dewey*, J., without a jury. The judge found for the plaintiff in the sum of $3,633.19; and the defendant alleged exceptions, raising the questions stated by the court. After the death of *Dewey*, J., the exceptions were allowed by *Braley*, J., on May 8, 1902.

*J. J. Flaherty & G. E. Kerrigan*, for the defendant.

*H. M. Burton*, for the plaintiff.

MORTON, J. This is an action to recover upon a promissory note, the plaintiff being the holder and the defendant the maker. The date of the note was April 13, 1887. The declaration contains three counts, one on the note, one on an accounting between the parties, and one on an account annexed. The case was tried by a judge of the Superior Court without a jury and, after a finding for the plaintiff, comes here on exceptions by the defendant to the refusal of the judge to give certain rulings that were asked for. There is also a question of evidence.

The principal question is whether there was a material alteration of the note. At the trial there was apparently a question as to consideration and whether the note, which purported to be a witnessed note, was witnessed at the time it was made and with the consent of the defendant. But the judge found that there was a consideration, and that the note was witnessed at the time that it was made and with the defendant's consent, thus disposing of those questions.

The exceptions recite that as originally drawn the note was payable to " Irving A. Evans and John C. Watson or order." The copy of the note attached to the amended declaration reads " Irving A. Evans, John C. Watson (and George B. James) or order." But from the allegations contained in the declaration, it would seem that this is a mistake, the declaration alleging that " the defendant made a promissory note . . . payable to Irving A. Evans and John C. Watson or order " of which a copy is annexed. It appeared that the plaintiff was a member of a

firm consisting of Evans, Watson and himself, and that the business of the firm was carried on under the name and style of Irving A. Evans and John C. Watson. The note in suit was given to the firm in part payment of property purchased of the firm and on a winding up of the partnership was turned over to the plaintiff as part of his share of the assets. At or about the time of his receiving the note the plaintiff, without the knowledge or consent of the defendant, drew a line with ink through the words, "Irving A. Evans" and "John C. Watson," and inserted his own name as payee.

Thereafter Watson at the plaintiff's request made the following indorsements on the back of the note: "Pay to the order of George B. James. John C. Watson. Pay to the order of George B. James. I. A. Evans by J. C. Watson." This was the condition of the note at the commencement of the action. After the action was begun the plaintiff without the consent or knowledge of the defendant restored the face of the note to its original condition by erasing his own name as payee and the line that he had drawn through the names of Evans and Watson, and the declaration was amended accordingly. The note as thus restored, with marks and indications of alterations on its face, was offered in evidence and admitted against the objection of the defendant that it had been materially altered and that there were marks and indications of alterations on its face. This is the question of evidence referred to above.

The judge found that the plaintiff was in law and in fact one of the payees of the note, that the alteration was not fraudulent, and that there had not been any material alteration of the note, and refused to rule as requested by the defendant either generally that the plaintiff could not recover, or that if the names of the payees or of either of them were crossed out after the delivery of the note, or if another name was written in as payee after delivery he could not recover, or that it was immaterial that the note had been restored by still further erasures to its original condition.

We think that the rulings and refusals to rule were right. The note as altered taken in connection with the indorsements by Evans and Watson expressed no more than the actual legal liability of the defendant at the time of the alteration. The

most that can be said is that Evans and Watson were originally named as payees and that by the alteration the plaintiff became payee, and therefore the effect of the instrument as originally drawn was changed. But the judge has found that the alteration was not fraudulent, and that the plaintiff was in law and in fact a payee of the note. He must have found that the alteration was innocently made or was made by mistake. The insertion of his own name *simpliciter* would not have constituted a material alteration since it did not change in any respect what was already the legal effect of the note. *Aldous* v. *Cornwell,* L. R. 3 Q. B. 573. And we are of opinion that if the plaintiff innocently or by mistake drew a line through the names of Evans and Watson and inserted his own name in place thereof, and neither the defendant nor any third party has suffered any injury in consequence thereof nor can be injured if the note is restored to its original condition, that it could be restored by the plaintiff, and that the alteration would in that case become immaterial. *Lee* v. *Butler,* 167 Mass. 426. *Church* v. *Fowle,* 142 Mass. 12. *Nickerson* v. *Swett,* 135 Mass. 514. *Drum* v. *Drum,* 133 Mass. 566. *Ames* v. *Colburn,* 11 Gray, 390. *Adams* v. *Frye,* 3 Met. 103. *Nevins* v. *De Grand,* 15 Mass. 436. *Horst* v. *Wagner,* 43 Iowa, 373. *Kountz* v. *Kennedy,* 63 Penn. St. 187. *Rogers* v. *Shaw,* 59 Cal. 260.

The case differs from *Stoddard* v. *Penniman,* 108 Mass. 366, relied on by the defendant. In that case the effect of the alteration was to change the liability of the defendant from that of an indorser to that of an original promisor. So in *Fay* v. *Smith,* 1 Allen, 477, *Draper* v. *Wood,* 112 Mass. 315, and *Greenfield Savings Bank* v. *Stowell,* 123 Mass. 196, the effect of the alteration in each case was to enhance the liability of the defendant.

The alteration having been found to be immaterial the action was rightly permitted to proceed on the note in its original condition and the introduction of the note in evidence in its original condition was rightly permitted.

*Exceptions overruled.*