PACIFIC SURETY COMPANY OF CALIFORNIA *vs*. CHARLES TOYE.

Suffolk.   March 22, 1916. — May 16, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract*, Construction, In writing.   *Bond.*

Where an application to a surety company to become surety on a bond to prosecute an appeal from a municipal court has written upon its margin the words, "Premium, $5," and the provision as to a premium reads as follows, "To pay the said Company . . . a premium of          dollars ($     ) annually in advance so long as said bond shall remain in force," the judge presiding at the trial of an action of contract for premiums after the first year should supply the word "five" where the omission occurs, especially where there is oral evidence, admitted without objection, that such was the mutual understanding and agreement of the parties.

DE COURCY, J.  In September, 1910, the defendant, an attorney
at law, induced the plaintiff to become surety on the bond of his
client, one Hazel Mills, to prosecute an appeal from a judgment
rendered against her in the Municipal Court of the City of Boston.
The instrument containing the application and agreement to indem-
nify the said surety company was signed by the defendant, and a
premium of $5 was paid upon the issuing of the appeal bond.
The case was still pending in the Superior Court, and the bond
was in full force, when this action was brought to recover four
unpaid annual premiums.

The presiding judge * excluded certain offers of proof made
by the plaintiff, evidently assuming that the application and in-
demnity agreement embodied the complete and final record of
all the terms agreed upon between the parties.  But even on this
assumption we do not think he was justified in ordering a verdict
for the defendant.  The agreement expressly provided for the
payment of a premium to the company annually in advance so
long as the bond should remain in force.  The obvious failure to
fill in the blank space where the agreement recited "a premium of
          dollars ($    ) annually" † cannot reasonably be
interpreted as showing that the parties meant "an annual pay-
ment of nothing at all" as the defendant contends.  The payment
of an annual premium not only is customary, but was expressly
contemplated.  In the margin of the application part of the agree-
ment appear the words "Premium, $5.00."  This well may be
interpreted as defining the amount of the annual payment.  In
the light of the context, and in view of the contract as a whole,
it seems apparent that it was intended to insert the word "five,"
where the obvious omission occurs.  Accordingly, this will be
supplied by the court; especially as there was oral evidence, ad-
mitted without objection, that such was the mutual understand-

---

* *Dubuque*, J.

† The paragraph in the application containing the agreement as to pre-
miums was as follows:

"(1) To pay the said Company, at its office in Boston, Massachusetts,
a premium of          dollars ($    ) annually in advance so long as
said bond shall remain in force and until evidence of the discharge or satis-
faction thereof, satisfactory to the Company, has been served upon the
Company at its Home Office in San Francisco, California;"

ing and intention of the parties. *Sweetser* v. *French,* 13 Met.
262. See *Clark* v. *Higgins,* 132 Mass. 586, 589; Hammon on
Contracts, § 404.

In view of this conclusion as to the interpretation of the written
contract, it is unnecessary to consider the further argument of
the plaintiff as to the admissibility of parol evidence, based on
the assumption that the written instrument was incomplete or
ambiguous.

                                            *Exceptions sustained.*

The case was submitted on briefs.
*A. M. Schwarz & S. A. Dearborn,* for the plaintiff.
*C. Toye, pro se.*