Isidore Rosenberg *vs.* Philip Adelson.

Suffolk.    November 18, 1919. — January 9, 1920.

Present: Rugg, C. J., Braley, De Courcy, Pierce, & Jenney, JJ.

*Good Will. Equity Jurisdiction,* To restrain infringement of good will. *Equity Pleading and Practice,* Decree.

If the owner of a retail store by a bill of sale sold and conveyed all the stock and fixtures, "together with the good will of the business" to one who resold the property including "the good will of the business heretofore conducted at said place of business," the second purchaser by a suit in equity may restrain the original owner from engaging, about seven months after the sale of the business by him, in business of the same description in a nearby location with the intention of getting back his former customers and "running the plaintiff out of business."

In such a suit, it is proper that the defendant should be restrained not only from engaging in a competing business, but also "from working in any capacity, whether as owner, employee or voluntary assistant, or from being financially interested in or for" any store of the same character in a certain defined district in the neighborhood of the store formerly carried on by him.

Bill in equity, filed in the Superior Court on January 29, 1919, to restrain the defendant from carrying on a business competing with that of the plaintiff.

In the Superior Court, the suit was heard by *Fox,* J., a commissioner having been appointed under Equity Rule 35 to take the testimony. Material evidence and facts found by the judge are described in the opinion.

By order of the judge, a final decree was entered ordering, adjudging and decreeing "that the defendant, Philip Adelson, be restrained by the permanent order and injunction of this court from working in any capacity, whether as owner, employee or volunteer assistant, or from being financially interested, in or for any dry goods store in that part of Cambridge south of Broadway and east of Dana Street extended, and from distributing or posting any circulars or posters within that district, which by the use of the nickname 'Phil,' or in any other way, tend to identify the business advertised with the business formerly carried on by the defendant under the name of 'Phil, the Outfitter.'"

The defendant appealed. In his brief before this court, upon the subject of the scope of the decree, he argued that, at most, the decree "ought to restrain the defendant from opening or engaging in a competing business. In the absence of evidence showing that the person enjoined has a special or peculiar value to a particular business, it is submitted that the injunction ought not to restrain him from securing employment in a like business."

*A. K. Cohen,* (*J. H. Blanchard & M. E. Bernkopf* with him,) for the defendant.

*W. H. Smart,* for the plaintiff.

De Courcy, J. For some years previous to May 31, 1918, the defendant conducted a store at 457 Massachusetts Avenue in Cambridge, under the name "Phil, the Outfitter"; and before that, with his brother, under the title "Phil & Eddie." On said date, having enlisted in the Navy, he sold out to Levenson and Hurwitz, the bill of sale embracing "All the goods, stock, merchandise, fixtures, including awning in front of store, contained in store, occupied by me at No. 457 Massachusetts Avenue, in said Cambridge, together with the good will of the business therein carried." Three days later the plaintiff, who also had been negotiating with the defendant, bought the concern from Levenson and Hurwitz and received a bill of sale which expressly included "the good will of the business heretofore conducted at said place of business."

The plaintiff successfully carried on the shop, changing the sign to "Isidore Rosenberg, Successor to Phil the Outfitter." About the first of January, 1919, the defendant hired the store numbered 546 Massachusetts Avenue, across the street from his former shop at 457. He placed in the windows signs which advertised, among other things, "Important — No Interest in Any Store on Massachusetts Avenue — Phil & Eddie — This is the Only Legitimate Phil & Eddie Store on Massachusetts Avenue." The trial judge finds: "He has announced his intention of opening on March 1, and has engaged the services of Sara Cooper, who had been one of his clerks for two years when he had run the store which the plaintiff now owns, and is now the plaintiff's clerk. The defendant has expressed his intention of running the plaintiff out of business. By his advertisements and announcements he has not only made a direct and pointed effort to get back his old trade, but he has declared war upon the plaintiff." He also finds that the defendant's "contention that he did not intend to sell the good will of his business is not sustained by the evidence, even if it were material." An examination of the record shows that these findings are not plainly wrong; indeed they are fully justified by the evidence.

When the defendant sold the good will of his store, in connection with the stock of goods and fixtures, he thereby precluded himself from setting up a competing business which will deprive the buyer of the benefits of the good will he has purchased. The "probability that the old customers will resort to the old place," that the concern will continue to receive the patronage which has been built up by reason of its location, the quality of the goods and service there furnished, the skill and solicitation of the former owner, is the essence of that good will. The judge has found that the new business which the defendant is setting up at 546 Massachusetts Avenue does in fact derogate from the good will which he sold in 1918. The injunction which was ordered does not seem broader than is necessary for the protection of the plaintiff's rights. *Old Corner Book Store* v. *Upham,* 194 Mass. 101.

*Decree affirmed with costs.*