SAMUEL GAINES *vs.* LUCETTA HAKE & others.

Bristol.   October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Trade Name. Good Will. Equity Jurisdiction,* To enjoin use of trade name.

A partnership between a man and a woman, engaged in Mansfield in the business of buying and selling real estate under the firm name of "L. E. Miller & Co.," was dissolved in 1920 and the woman sold to the man her one half interest in "the good will of the real estate business hereinbefore

conducted under the name of L. E. Miller & Co.," at the location named " with the right to " the purchasing partner to use that firm name " in carrying on said real estate business together with the personal property of every kind and description now contained in the office " at the place named.  She reserved, however, the right to engage in the real estate business " in any other part of " the town, " but not under the name of L. E. Miller & Co."  At the time of such sale her name was L. E. Miller.  A month after the dissolution the purchasing partner moved the office to another street and the woman, after about five months' absence from the town during which she married a man not named Miller, returned and opened a real estate office in a building adjoining the purchasing partner's office, displaying a sign with, after her name, the words, " Formerly L. E. Miller Real Estate."  A master, who heard a suit to enjoin the woman from injuring the good will of the business sold by her, found that she used the name L. E. Miller because of its resemblance to the name " L. E. Miller & Co." and because it did not meet with the purchasing partner's approval; and that such use in the circumstances was confusing to the public.  *Held,* that

(1) A finding was warranted " that the defendant, by setting up a competing business next door to the plaintiff, and by her advertisements and conduct, intentionally and successfully sought to derogate from the good will which she had sold to him a few months before; "

(2) The right reserved by the woman to carry on the real estate business " in any other part of " the town did not justify her in her conduct above described;

(3) The woman could not shield herself behind the claim that she had a right to use her own name.

(4) A decree enjoining the defendant from using the name L. E. Miller & Co. " in said " town " or in said county " where the town was " or in the adjoining county " was too broad and it was ordered to be modified by omitting the words " or in said county . . . or in the adjoining county."

BILL IN EQUITY, filed in the Superior Court on May 9, 1921, to enjoin the defendant Lucetta Hake, alias Lucetta Miller, alias Etta Miller, from violating the conditions of the bill of sale described in the opinion and from injuring the good will of the business as a real estate broker sold by her to the plaintiff, and for damages.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. There were no exceptions to his report, and by order of *Burns,* J., there were entered an interlocutory decree confirming it and a final decree enjoining the defendant Hake " from using the name ' L. E. Miller & Co.' and also the name ' L. E. Miller,' and also said names in connection with any other names or words, in connection, directly or in-

directly with real estate business in said Mansfield, or in said county of Bristol or in the adjoining county of Norfolk."

The defendant Hake appealed.

*J. R. Halliday*, for the defendant Hake.

*J. M. Gove*, (*H. Siskind* with him,) for the plaintiff.

DeCOURCY, J.   These facts are found by the master: From 1910 to 1917 the plaintiff and the defendant bought and sold real estate in Mansfield and shared in the profits.   In 1917 they opened a real estate office at 42 Chauncy Street, near the railroad station, and there conducted business as partners under the name of " L. E. Miller & Co." until October 22, 1920, when the partnership was dissolved.   At the time of the dissolution the defendant, for a valuable consideration, sold to the plaintiff her one half interest in the "good will of the real estate business hereinbefore conducted under the name of L. E. Miller & Co. at number 42 Chauncy Street, Mansfield, Mass., with the right to said Gaines to use the name of L. E. Miller & Co. in carrying on said real estate business together with the personal property of every kind and description now contained in the office numbered 42 Chauncy Street in said Mansfield."   She reserved, however, the right to engage in the real estate business "in any other part of said Mansfield, but not under the name of L. E. Miller & Co."

The bill of sale was signed " Lucetta Miller."   It appears that her maiden name was Lucy Etta Burns, although generally called Lucetta Burns.   When about fifteen years of age she was married to one James Simeon Henshaw, who is still living.   Her second marriage was to Barnie McNally, from whom she obtained a divorce.   Her third marriage, under the name of Etta McNally, was to William C. Miller; and he died in January, 1906.   She also used the names Lucetta Sloane and Lucy Etta Sloane while engaged in business at Revere.   On January 22, 1921, she was married to Daniel A. Hake, at Tampa, Florida.

Since the dissolution of the partnership the plaintiff has conducted a real estate business in Mansfield under the name of " L. E. Miller & Co.," first at the old office, and after November, 1920, in a building bought by him on Rumford

Avenue, around the corner from the Chauncy Street office. The defendant stayed in his office for about a month and then went to Florida for the winter. On her return, March 22, 1921, she opened a real estate office on Rumford Avenue, in the next building to the plaintiff's, and there displayed signs which read:

> " Mrs. L. E. Miller Hake
> Real Estate Agent
> Mrs. L. E. Miller
> Real Estate Agent "

The signs have been changed recently so that they now read:

> " Mrs. L. E. Hake
> Formerly L. E. Miller
> Real Estate
> Mrs. L. E. Hake
> Formerly L. E. Miller
> Real Estate Agent "

The master finds that the defendant did business under the name of L. E. Miller because, among other reasons, she "wished her old friends to find her and she was known by some of her acquaintances as L. E. Miller," and " because it closely resembled L. E. Miller & Co. and she found out that the use of that name by her did not meet with Samuel Gaines' approval." He also finds that " the names ' L. E. Miller & Co.' and ' L. E. Miller' as applied in this case where there are two separate real estate offices conducted on the same street in the same town by two people who were formerly partners is confusing to the public."

On the facts found by the master, and the reasonable inferences therefrom, the trial judge was warranted in concluding that the defendant, by setting up a competing business next door to the plaintiff, and by her advertisements and conduct, intentionally and successfully sought to derogate from the good will which she had sold to him a few months before. The right reserved by her to carry on the real estate business " in any other part of said Mansfield " did not justify her in doing what she did. Nor can she shield herself behind the claim that she had a right to use

her own name.   Her name was not then L. E. Miller; and she had sold any right she might have to use that name as a trade name at this location.   The contention that while she could not do business as " L. E. Miller & Co." (the company representing this plaintiff), she could do so as "L. E. Miller," is a mere evasion of the obvious purpose of the sale of the good will.   *Rosenberg* v. *Adelson,* 234 Mass. 488.   *Libby, McNeill & Libby* v. *Libby,* 241 Mass. 239.

The decree, however, is too broad in respect to the territory covered.   It should be modified by omitting the words " or in said county of Bristol or in the adjoining county of Norfolk."   As so modified, the decree is to be affirmed, with costs.

*Ordered accordingly.*