VITTORIO MARTINO & another *vs.* CHARLES PONTONE.

Middlesex.     November 5, 1929. — January 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Sale,* Of good will. *Good Will. Equity Jurisdiction,* To restrain interference with good will. *Equity Pleading and Practice,* Decree.

It is the law in this Commonwealth that, in each case where the good will of a business is sold and the vendor sets up a competing business, it is a question of fact whether, having regard to the character of the business sold and that set up, the new business does or does not derogate from the grant made by the sale; and that, if it does so derogate, it will be restrained.

The owner of a small grocery store in the southern part of Medford sold "the grocery business, together with the entire stock and trade, fixtures and all articles used by the seller in the said business, conducted by him . . . together with the good-will of the said business," giving full covenants of title, freedom from encumbrances, of right to convey and of warranty as to "said stock and trade fixtures." The vendor within a year opened a competing business about two hundred yards from his former place of business. In a suit in equity by the vendee against the vendor, a final decree was entered restraining the defendant "from directly or indirectly carrying on or conducting in any capacity, whether as a sole proprietor, as a member of a partnership, or as a share holder or employee of a corporation, a retail store for the sale of meats and provisions anywhere within the limits of the city of Medford." The defendant appealed. *Held,* that the plaintiff was entitled to relief, but that the decree should be modified to limit the restraint of the defendant to the area within which the store reasonably sought and supplied customers and within which the good will existed.

BILL IN EQUITY, filed in the Superior Court on February 20, 1929, and described in the opinion.

The suit was heard by *Greenhalge*, J.   There was no report of the evidence.   From the final decree described in the opinion, the defendant appealed.

*J. H. Wolfson & K. T. Temple*, for the defendant, submitted a brief.

No argument nor brief for the plaintiffs.

WAIT, J.   The plaintiff, in April, 1928, purchased from the defendant "the grocery business, together with the entire stock and trade, fixtures and all articles used by the seller in the said business, conducted by him at No. 559 Main Street, Medford, together with the good-will of the said business."   The defendant gave full covenants of title, freedom from encumbrances, right to convey and of warranty as to "said stock and trade fixtures."   The price paid was $1,075; and the plaintiffs incurred considerable expense in refittings and repairs, as the defendant knew they contemplated at the time of the purchase.   The defendant agreed to take back the business and articles sold and to return the purchase price, if the buyers did not within a specified time secure a new lease of the premises.

Within a year, the defendant opened a new store for the sale of meats, groceries and provisions at No. 518 Main Street about two hundred yards from No. 559 and on the opposite side of the street, where he carried on a business substantially similar, except that he does a cash and credit business while the plaintiffs confine themselves to a cash business.   He did not actively solicit trade from his old customers, but about twenty-four of them have come to him, probably owing to the plaintiffs' change to a strictly cash basis at No. 559.   His business of the same kind and in the same neighborhood necessarily competes with the plaintiffs, and actually interferes with and derogates from the good will of the business purchased from him by them.   The plaintiffs brought their bill for an injunction and for damages.   After a hearing and findings in substance as above stated, the trial judge ordered a decree for an injunction restraining the defendant "from directly or indirectly carrying on or conducting in any capacity, whether as a sole proprietor, as a member of a partnership, or as a share holder

or employee of a corporation, a retail store for the sale of meats and provisions anywhere within the limits of the city of Medford, Massachusetts." He was unable to determine what damage, if any, the plaintiffs have suffered; and did not find them entitled to damages.

The defendant appeals, and contends that he has done nothing which he was not entitled to do. He relies upon the statement in *Bassett* v. *Percival,* 5 Allen, 345, 347, that when a "vendor conveys the good will of his trade and all the advantages connected with the store and premises," but makes no express agreement to refrain from engaging in a similar business, there is no implication of personal restraint upon him, or "restricting his right to transact a similar business in another place at a subsequent time." See also *Hoxie* v. *Chaney,* 143 Mass. 592. But he has failed to consider the decisions in *Angier* v. *Webber,* 14 Allen, 211, *Dwight* v. *Hamilton,* 113 Mass. 175, *Munsey* v. *Butterfield,* 133 Mass. 492, *Foss* v. *Roby,* 195 Mass. 292, and the illuminating opinions in *Webster* v. *Webster,* 180 Mass. 310, *Old Corner Book Store* v. *Upham,* 194 Mass. 101, *Gordon* v. *Knott,* 199 Mass. 173, *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, 420,. *et seq.,* and *Martin* v. *Jablonski,* 253 Mass. 451, 456, 457. These establish as the law in this Commonwealth that "In each case where the good will of a business is sold and the vendor sets up a competing business, it is a question of fact whether, having regard to the character of the business sold and that set up, the new business does or does not derogate from the grant made by that sale." *Old Corner Book Store* v. *Upham, supra,* at page 105. If it does, it will be restrained. As was said in *Webster* v. *Webster, supra,* at page 315: "The good will to which the contract relates may mean more or less, according to the nature of the business and the relations of the parties." The right may be stated, as it was put, in substance, by W. Allen, J., in *Munsey* v. *Butterfield, supra,* at page 494: the right to the business "as the circumstances, the conduct and the influence of the . . . [vendor] had made it," a right which "could be acquired only by the agreement of the . . . [vendor] not to interfere with the business, — not to use

the opportunities and influences which had built it up to impair it." There was no error in restraining the impairment.

The decree, however, imposes a greater restraint than the facts as they now appear require. In *Marshall Engine Co.* v. *New Marshall Engine Co. supra*, at page 422, it is said, "Under what is now the settled law of this Commonwealth, cases may be put where the sale of the good will would not prevent the vendor from setting up a similar business. For example, one who sells the good will of a small grocery store in the south end of Boston without doubt might set up a small grocery store in the north end of the same city. Customers of small grocery stores are those living in the immediate neighborhood, and a similar store in another locality would not affect the rights acquired by the purchaser of the good will of the first store." Obviously the sale here was that of a small grocery store in the southern end of Medford. The restraint is against setting up a similar store anywhere in that city. Medford is a city of many thousand inhabitants and several distinct neighborhoods. The plaintiffs are entitled to freedom from interference by the defendant in the neighborhood of the store which he sold; but not throughout the entire area of the city. Equity is solicitous to guard the rights of the restrained. *Edgecomb* v. *Edmonston*, 258 Mass. 568. Here the restraint should be confined to the area within which the store reasonably sought and supplied customers and within which the good will existed. For this reason the decree is reversed, and the case remanded for hearing to determine the limits of area appropriate and for a decree modified in accord with this opinion.

*Ordered accordingly.*