AUSLYN, INC. *vs.* ALFRED A. ROUSSEAU & another.

Plymouth.   October 9, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Good Will.   Sale,* Of business, Of good will.   *Unlawful Interference. Unfair Competition.*

The inclusion of business good will in a sale of real estate and personal property used by the seller for the conduct of a restaurant at which liquor was sold entitled the purchaser to maintain a suit in equity to enjoin the seller's engaging in the restaurant and liquor business within an area admittedly not larger than the rights of the purchaser required.

BILL IN EQUITY, filed in the Superior Court on January 31, 1947.

The suit was heard by *Sullivan*, J.

*J. Lipsitt*, for the defendants.

*H. Olins*, (*M. A. Gordon* with him,) for the plaintiff.

LUMMUS, J.   Prior to August 6, 1945, the defendants, husband and wife, conducted a restaurant at which liquor was sold on Wareham Street in Marion.   On that date the defendants, for $21,000, sold to the plaintiff corporation their real estate and personal property at that location, together with the good will of the business.

There was evidence that afterwards the defendants asked the plaintiff to buy land owned by them across the street from the restaurant.   When the plaintiff declined to buy it, the defendants moved a building onto it, with the intention of serving lunches there, and applied for a liquor license as well as a victualler's license.   The plaintiff brought this bill to restrain the defendants from competing with the plaintiff in the restaurant or liquor business.   The final decree restrained the defendants from engaging in the restaurant business and from seeking or obtaining a liquor license for use in such business, within five hundred yards of the restaurant of the plaintiff, and awarded costs to the plaintiff.   The defendants appealed.   The case comes here upon a transcript of the evidence, but without any finding of facts.

The only question argued relates to the obligation imposed upon the defendants by their voluntary transfer of the good will of the restaurant and liquor business.   In *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, 44, it was said, "A sale of the good will imposes upon the vendor an obligation to refrain from doing anything which deprives the buyer of the benefit and advantages of the purchase." See also *Perkins* v. *Becker's Conservatories, Inc.* 318 Mass. 407, 413.   In *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 104, 105, Loring, J., said, "It is settled in this Commonwealth that when a man voluntarily sells the good will of his business he thereby precludes himself from setting up a competing business which will derogate from the good will which he has sold. . . .   In each case where the good will of a business is sold and the vendor sets up a competing

business it is a question of fact whether, having regard to the character of the business sold and that set up, the new business does or does not derogate from the grant made by that sale." And in *Martin* v. *Jablonski*, 253 Mass. 451, 456, Rugg, C.J., said that "In most cases which have arisen in this court the sale has been held to be of such nature and under such circumstances as to preclude the vendor from engaging in competing business."

In the present case it seems to us that the business contemplated by the defendants on the opposite side of the street from the plaintiff's establishment, and near to it, could hardly fail to derogate from the grant of the good will. On the facts the present case resembles *Rosenberg* v. *Adelson*, 234 Mass. 488, and *Martino* v. *Pontone*, 270 Mass. 158. The injunction granted was restricted territorially to the area within five hundred yards of the plaintiff's premises. It is not argued that it was any broader than the rights of the plaintiff require.

*Decree affirmed with costs.*