LYNN TUCKER SALES, INC. *vs.* JOSEPH LEBLANC.

Essex.    December 7, 1948. — February 11, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Contract,* Construction. *Sale,* Sale of business, Sale of good will, Contract of sale. *Good Will. Unlawful Interference. Unfair Competition.*

A sale by the owner of a garage business under an agreement in writing "to sell . . . all his right, title and conducted by the seller" at a certain location impliedly conveyed to the purchaser the good will of the seller's business, although the words "good will" were not included in the agreement.

In an agreement by the owner of a garage to sell all of his right, title and interest and good will "conducted by the seller" at a certain location, words equivalent to "of the business" or "in the business" were held to have been omitted by mistake before the word "conducted," and the agreement was construed as if such words were inserted.

A decree enjoining a seller of a business together with its good will from engaging in a competing business within a reasonable area and for a reasonable time was proper where it appeared that the competing business impaired the value of the good will sold.

BILL IN EQUITY, filed in the Superior Court on June 1, 1948.

The case was heard by *Brogna,* J.

In this court the case was submitted on briefs.

*D. L. Winer,* for the defendant.

*G. Santeusanio,* for the plaintiff.

WILLIAMS, J.    This is a bill in equity to restrain the defendant from operating a garage business in competition with a similar business operated by the plaintiff, and for an award of damages.    The defendant has appealed from a final decree which enjoined the defendant and awarded damages in accordance with the prayers of the bill.    The case comes to us with a report of the evidence and findings of material facts made by the judge.

Previous to November 15, 1947, the plaintiff operated a garage at 212 Broad Street, Lynn, and the defendant a similar garage at 170 Broad Street, Lynn.    The plaintiff

owned the local franchise for the sale of Tucker automobiles and desired to obtain a larger place of business both for its garage activities and for the sale of Tucker automobiles when they should become available on the market. The defendant wished to get out of the garage business. On November 15, 1947, the plaintiff and the defendant executed a written agreement for the sale of the defendant's garage, the material provisions of which were as follows: "Now, therefore, it is mutually agreed, as follows: 1. That the seller hereby agrees to sell to the buyer and the buyer hereby agrees to purchase from the seller all of his right, title and interest and good will conducted by the seller under the name of 'Broad Street Garage' at 170 Broad Street, in said Lynn specifically excluding the seller's furniture, fixtures and automotive equipment that are now used in the said business, including however, one work bench, fire extinguishers, lighting fixtures over wash stand and center aisle. . . . The lease now held by Joseph LeBlanc is to be assigned to the buyer." The transfer of the business presumably was effected on November 24, 1947. Thereafter, the plaintiff carried on the business which it had purchased, under the name of Lynn Tucker Sales, Inc. At the time of the transfer, the defendant furnished the plaintiff with a list of the customers of the garage. On May 10, 1948, the defendant opened a garage under the name of "Central Garage" around the corner from Broad Street and about fifty feet from the garage which had been sold to the plaintiff. The business thereafter carried on by the defendant was similar to that sold to the plaintiff with the addition of some "body work." By reason of the opening of the defendant's new garage, the plaintiff lost approximately eleven customers, each of whom could be found to have paid the plaintiff about $17 each month.

The judge found that the sale "included the good will," that the "present business [of the defendant] has impaired the good will of his former business and that if he continues it will further derogate from the good will which he sold," and "that damage suffered by the plaintiff is $420." A final decree was entered providing that the defendant pay

the plaintiff $420 (as damages), and that the defendant be "enjoined and restrained from engaging in the garage business where he is now located, and from engaging in such business within a radius of one-half mile from #170 Broad Street, Lynn, for a period of three years."

The defendant contends that the words "good will" are not included in the written agreement for the sale. While the agreement as a whole was typewritten, on careful examination the words "interest and good will" clearly appear to have been written with a pen into the agreement. As there is no rule of presumption in reference to an instrument of this character, the time when the alterations were made would commonly be a question of fact for the judge. *Ely* v. *Ely*, 6 Gray, 439, 441, 442. *Mindell* v. *Goldman*, 309 Mass. 472, 476. If it be argued, however, that in this case there was no evidence to warrant a finding in favor of the plaintiff that the alteration was made before delivery, there was also no evidence by whom it was made or that it was made in bad faith. Moreover it did not change the meaning of the instrument, since even without the inserted words the instrument would have conveyed the good will by implication. In *Canadian Club Beverage Co.* v. *Canadian Club Corp.* 268 Mass. 561, 568, it is stated that where "the sale agreement omits to mention good will in the transfer of a business, it is presumed that the good will passes with the other assets." In these circumstances the instrument is not rendered invalid in the plaintiff's hands, even if the alteration is not shown to have been made before delivery. *Lee* v. *Butler*, 167 Mass. 426, 430–432. *James* v. *Tilton*, 183 Mass. 275, 277–278. As to negotiable instruments (now covered by statute), see *Perry* v. *Manufacturers National Bank*, 305 Mass. 368.

It seems evident from the context that words equivalent to "of the business" or "in the business" were omitted by mistake of the scrivener before the word "conducted," and the instrument is to be construed as if such words were inserted. *Pacific Surety Co.* v. *Toye*, 224 Mass. 98, 99–100. *Holt* v. *Holt*, 253 Mass. 411, 413. *Revere* v. *Blaustein*, 315 Mass. 93, 96.

The agreement therefore provides for the conveyance to the plaintiff of the defendant's right, title and interest in his garage business together with the good will. As manifested by the agreement, *Webster* v. *Webster*, 180 Mass. 310, it was the intention of the parties that the purchaser should receive and retain the benefits and advantages accruing to the business from its location, reputation and established clientele. *Moore* v. *Rawson*, 199 Mass. 493. *Murray* v. *Bateman*, 315 Mass. 113, 115. The sale of a business with its good will implies an agreement by the seller not to compete with the purchaser in such manner as to derogate from the value of that which he has sold. *Dwight* v. *Hamilton*, 113 Mass. 175. *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 104, 105. *Foss* v. *Roby*, 195 Mass. 292. *Moore* v. *Rawson*, 199 Mass. 493, 497. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410. *C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, 44. *Martin* v. *Jablonski*, 253 Mass. 451. Where the seller sets up a competing business it is usually "a question of fact whether, having regard to the character of the business sold and that set up, the new business does or does not derogate from the grant made by that sale." *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 105. For cases where it was found that the competing business derogated from the grant of the good will, see *Angier* v. *Webber*, 14 Allen, 211; *Dwight* v. *Hamilton*, 113 Mass. 175; *Munsey* v. *Butterfield*, 133 Mass. 492; *Webster* v. *Webster*, 180 Mass. 310; *Hutchinson* v. *Nay*, 187 Mass. 262, 265; *Rosenberg* v. *Adelson*, 234 Mass. 488; *Martino* v. *Pontone*, 270 Mass. 158; *Auslyn, Inc.* v. *Rousseau*, 321 Mass. 735. The cases of *Bassett* v. *Percival*, 5 Allen, 345, and *Hoxie* v. *Chaney*, 143 Mass. 592, on which the defendant relies, are not at variance with the principle above stated, but decide in effect that, under the particular facts presented, there was no derogation from the grant. See *Old Corner Book Store* v. *Upham*, 194 Mass. 101, 105; *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, 421; *Martin* v. *Jablonski*, 253 Mass. 451, 456. In the instant case the judge's finding of fact that the competition of the defendant has impaired the

value of the good will conveyed to the plaintiff cannot be said to be plainly wrong. No contention is made that the damages ordered paid are unreasonable in amount or that the injunction is too broad.

*Decree affirmed with costs.*