## LOUIS HORVITZ & others *vs.* JOSEPH ZALKIND.

Bristol. October 26, 1954. — December 30, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Sale,* Sale of business, Sale of good will, Contract of sale. *Good Will. Unlawful Interference. Unfair Competition. Contract,* Construction.

In a sale of a substantial interest in a corporation conducting a furniture selling business, no promise by the seller preventing future competition by him derogating from the value of the interest sold was to be implied where the contract of sale contained express provisions dealing with that matter in detail. [128]

Provisions in a contract for sale of an interest in a corporation conducting a furniture selling business, that the seller for a stated period would not "directly or indirectly, either as principal or agent or employee . . . open any [furniture selling] store, or be employed by any [such] store" located in a certain area wherein the corporation did business, except that he might do and solicit business in that area as a representative of a store located in a specified city in another State, did not prevent the seller from opening an office in an office building in such area, with a telephone and the word "furn." after his name in the telephone directory, and selling in the area furniture delivered directly to the customers by wholesalers and paid for by the customers to him. [128–129]

BILL IN EQUITY, filed in the Superior Court on September 2, 1952.

Following hearing by *Warner, J.,* on a master's report, a final decree dismissing the bill was entered, and the plaintiffs appealed.

In this court the case was submitted on briefs.

*Isador S. Levin & Richard C. Levin,* for the plaintiffs.

*William A. Torphy,* for the defendant.

WILLIAMS, J.    This is a bill in equity by Louis Horvitz, Isidore Horvitz, and Modern Furniture Company of Fall River, Inc., a corporation, to enjoin the defendant from engaging in the furniture business in Fall River in competition with the plaintiffs.    The facts, as found by a master whose report was confirmed by interlocutory decree, are as follows.

The plaintiff corporation is engaged in the business of selling furniture and household furnishings in Fall River and within a radius of twenty miles of that city.    Its corporate stock, prior to January 4, 1951, was owned by seven individuals, including the plaintiffs Louis and Isidore Horvitz and the defendant.    The defendant acted as salesman and buyer and since 1944 had been president and secretary of the corporation.    Because of differences over business policy the parties entered into a written agreement on January 4, 1951, whereby the defendant agreed to sell and the two Horvitzes to buy the defendant's interest in the corporation, which consisted of the ownership of one sixth of its capital stock and a one-sixth undivided interest in the real estate used by the corporation.    The purchase price was $70,000. The agreement contained the following provision: "It being recognized that the opening of another furniture store by Joseph Zalkind in or about Fall River in competition with the business of the corporation, or the acceptance of employment by Joseph Zalkind with a furniture store in or about Fall River, would have the effect of diminishing the value of the shares of stock and real estate to be sold hereunder, the said Joseph Zalkind further covenants and agrees with the buyers and with the corporation that he will not,

directly or indirectly, either as principal or agent or employee, for a period of ten (10) years from this date, open any store, or be employed by any store, whose physical location shall be in or within a radius of twenty (20) miles of said Fall River, hereinafter referred to as the prohibited area, for the purpose of conducting therein a so called furniture business or for the purpose of selling therein any articles of furniture or household furnishings, and will not suffer or permit the use of the name 'Modern' in connection with any furniture store owned or operated by him, wherever located. Notwithstanding anything hereinbefore set forth, however, it is specifically understood and agreed that the said Joseph Zalkind may open a furniture store, or be employed by a furniture store, whose physical location shall be in the city of Providence, Rhode Island, and that, in connection with such ownership of, or employment by, such furniture store, Joseph Zalkind shall have the right in the prohibited area, without any restrictions whatsoever, to do business with, and solicit business from, persons' residing in the prohibited area."

After the sale, the defendant in September, 1951, hired an office in an office building in Fall River and installed a telephone. In the telephone directory "furn." appeared after his name. Since that time the defendant has engaged in the business of selling furniture and household furnishings in Fall River and within a radius of twenty miles of Fall River and twenty-five per cent of his sales have been to customers formerly served by him while employed with the company. While he did not directly solicit business, he let it be known that he was in the position to obtain furniture and household furnishings for any person who desired his services. Any person who would come to see him for furniture could choose what he wanted from furniture catalogues or the defendant would take the customer to wholesale houses in Boston. Any furniture chosen was delivered directly by truck to the customer and would be paid for by the customer to the defendant. The master found that "At no time since January 4, 1951, has the defendant opened a

furniture store or been employed by a furniture store whose physical location is in the city of Providence, Rhode Island . . . that at no time since January 4, 1951, has the defendant opened a furniture store in the city of Fall River or within a radius of twenty miles of said Fall River," and that "At no time since January 4, 1951, has the defendant been employed by a furniture store whose physical location is in Fall River or within a radius of twenty miles of said Fall River."

The plaintiffs appealed from a final decree dismissing the bill.

Ordinarily, when there is a voluntary sale of a business, the good will passes to the purchaser with the other assets, *Canadian Club Beverage Co.* v. *Canadian Club Corp.* 268 Mass. 561, 568; *Auslyn, Inc.* v. *Rousseau,* 321 Mass. 735; *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371, and an agreement is implied that the seller shall not compete with the purchaser so as to derogate from the value of that which has `been sold. *Lynn Tucker Sales, Inc.* v. *LeBlanc,* 323 Mass. 721, 724, and cases cited. If the seller thereafter sets up a competing business, it is a question of fact whether, having regard to the character of the business sold and that set up, the new business derogates from the grant made by the sale. *Old Corner Book Store* v. *Upham,* 194 Mass. 101, 105. *Martin* v. *Jablonski,* 253 Mass. 451, 456.

In the instant case no promise by the seller respecting future competition with the corporation can reasonably be implied. What he could do and what he could not do were expressly stated in the agreement. It is to be inferred that by the detailed regulation of his subsequent activities in the furniture business the parties intended to exclude all matters not specifically mentioned. *Hamlen* v. *Rednalloh Co.* 291 Mass. 119, 122–123. The emphasis of the agreement was upon the restriction of the defendant's right to open a store within the Fall River area or to accept employment by a store therein located. These restrictions did not purport to restrain the defendant from all activities in connection with the furniture business in the Fall River area, since he was

given permission, as representative of a furniture store in Providence, "to do business with, and solicit business from, persons residing" in that area. We think that the defendant has not violated any provision of the written agreement which is therein either expressed or implied. The plaintiffs therefore are not entitled to an injunction.

As our view of the case is adverse to the plaintiffs, it is unnecessary to consider a bill of exceptions of the defendant which sets forth his exception to an order of the trial judge extending the time for filing the plaintiffs' designation without notice to the defendant.

*Decree affirmed with costs of the appeal.*
*Exceptions dismissed.*