Merrick, J.
This is an action in contract by the plaintiff supplier upon a written guaranty for goods sold and delivered to the defendants’ restaurant. Judgment was entered for the plaintiff against defendant Sandra Tom (‘Tom”), who now appeals pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8A on a charge of error in the court’s denial of a request for ruling of law.
Defendant Tom operated a restaurant named Hee Kar Lau,[3] and apparently contacted the plaintiff about purchasing wholesale provisions for the restaurant on credit. Tom met with an employee of the plaintiff and the top portion of a credit application form was completed which named “Sandra Tom and Frederick Shum, d/b/a Hee Kar Lau” as the credit applicants. The bottom portion of the application, which was blank, included the following guaranty clause:
In consideration of the advancement of credit to_doing business at__ (We) CD_have a financial interest in said [sic] past, present or future incurred by_and agree to personally pay the same in the event of the default by_.
Tom signed the application, thereby executing the guaranty in blank. It was undisputed, however, that defendant Tom understood that she was personally *106 guaranteeing payment of any debt owed to the plaintiff for goods sold and delivered to Hee Kar Lau.
The plaintiff later completed the credit application by inserting the names of both Tom and Shum as guarantors and Hee Kar Lau as the debtor in the appropriate spaces at the bottom of the form. The line for a second guarantor’s signature immediately below Tom’s signature was left blank. Defendant Shum never signed the guaranty. He testified at trial that he had no financial interest in Hee Kar Lau and never authorized the plaintiff to list him as a guarantor of the restaurant’s obligations.
After trial, judgment was entered for defendant Shum, and for the plaintiff against defendant Tom in the amount of $8,868.85. Tom now claims to be aggrieved by the denial of her request for ruling of law number 7, which stated:
Where the Credit Application was altered, in that after Sandra Tom executed the document Plaintiff also inserted the name of Frederick Shum in an attempt to hold him personally liable for goods delivered to the Restaurant, then as a matter of law, the Application for Credit was materially altered and Plaintiff is barred from trying to enforce the same.
As a general proposition, a party’s material alteration of a written contract with fraudulent intent extinguishes that party’s rights under the contract and discharges the obligations of the other party. 6 A.L. CORBIN, CONTRACTS §1317 at 300 (1964). That rule, however, has no application in the instant case.
First, the record is devoid of any evidence which would have compelled the trial court to find that the alteration in question was made with fraudulent intent, as the rule on material alteration requires. Id.[4] Second, the insertion of Tom’s name merely made the guaranty reflect the actual agreement and intent of the parties, and was thus notamaterial alteration. Id:, James v. Tilton, 183 Mass. 275, 277-278 (1903). See also Lynn Tucker Sales, Inc. v. LeBlanc, 323 Mass. 721, 723 (1949). Finally, because the insertion of Shum’s name was without legal effect in the absence of his signature, such insertion did not change the tenor or effect of the parties’ contract and was not, therefore, a material alteration. James v. Tilton, supra at 278. See also Universal C. I. T. Credit Corp. v. Ingel, 347 Mass. 119, 124 (1964).
The trial court’s judgment is affirmed. Appeal dismissed.

The record does not reflect whether the business was a corporation, although there would otherwise be no reason to pursue defendant Tom on the basis of the guaranty.

As to negotiable instruments, see G.L.c. 106, §3-407(2) (a) and (2) (b).