Bernard S. Meyer, J.
Motion for temporary injunction granted. Plaintiff and defendant were from 1954 to the end of 1956 partners in the business of repairing chipped porcelain, under the name of S & S Fixture Repair. Defendant admits the execution on November 13,1956 of an agreement with plaintiff dissolving the partnership, giving plaintiff the exclusive right to the firm name, providing for payment to defendant of $500 plus one half of outstanding receivables and giving defendant a share of the net proceeds should the business be sold within 10 years thereafter. By paragraph 5 of the agreement, defendant agreed: ‘ ‘ that for a period of ten years after the date of this agreement but if Kolton dies within seven years after the date of this agreement then for a period of only three years after such death, he will not within the States of New York, New Jersey, Pennsylvania and all of the New England States engage in the business or type of business in which the partnership was engaged, either directly or indirectly.”
Defendant admits that he is now engaged in the porcelain repair business in New York City and environs, but contends that he is using a different method, and that the restrictive covenant quoted above is unreasonable and, therefore, unenforcible.
The difference in method, if it exists, is not helpful to defendant since, whatever the method, he is engaged “ in the business or type of business in which the partnership was engaged.” The covenant is for a limited time and within a limited area. In Goldstein v. Maisel (271 App. Div. 971) a 20-year covenant without territorial limit given on sale of a partnership interest was enforced, the court limiting its territorial operation to New York City and stating (p. 972) that “ The rule that covenants restraining one from entering into certain employment will not be enforced where the services are not special, unique, or extraordinary * * * does not apply where the restrictive *1086 covenant is made in connection with the sale of a business.” (See, also, Simons v. Fried, 302 N. Y. 323; De Bello v. Stackliff, 149 N. Y. S. 2d 61.) And while it may be that on the trial defendant will be able to show that the territorial limitation, covering the number of States that it does, is unreasonable in relation to the business of the partnership, the covenant will nonetheless be enforcible in such area as the trial court finds to be reasonable, Goldstein v. Maisel (supra). Until a showing of unreasonableness is made, however, plaintiff is entitled to enforcement of the covenant as written, it having been entered into voluntarily and for a consideration and not covering so broad an area as to make it impossible for defendant to pursue his trade ‘ ‘ in the only places where such withdrawing partner normally could succeed”. Lynch v. Bailey (275 App. Div. 527, 532, affd. 300 N. Y. 615) is distinguishable for these reasons, and because the instant covenant was not entered into until the dissolution of the partnership.
Since the pleadings, affidavits and defendant’s examination before trial show a clear breach of the restrictive covenant on defendant’s part, plaintiff is entitled to a temporary injunction (Fintz v. Levy, 221 App. Div. 583; Ru Ton v. Everitt, 35 App. Div. 412).
Settle order on notice, providing for a bond of $1,000.