LILLIAN I. BONNEAU *vs.* DAVID A. MEANEY & others.[1]

Middlesex. November 10, 1961. — December 19, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract,* Agreement not to compete, Validity. *Sale,* Contract of sale, Sale of business. *Good Will. Unlawful Interference. Unfair Competition.*

In the circumstances, upon a sale of a home in a city and a telephone answering service business conducted by the seller in the home, the only such business in the city, a covenant by the seller in the bill of sale of the business and its good will, "not to start or participate in another service" for twenty years, should be treated as limited to the

---

[1] Mrs. Meaney and New England Telephone and Telegraph Company.

city and, so limited, was reasonable and enforceable as to space, and was enforceable for the full twenty years as a reasonable period of time.

BILL IN EQUITY, filed in the Superior Court on July 19, 1960.

The suit was heard by *Wisnioski,* J.

*S. Roy Remar,* for the plaintiff.

*Meyer H. Goldman,* for the defendants Meaney.

CUTTER, J. The plaintiff seeks declaratory and other relief upon the facts stated below. The trial judge found that "[p]rior to March 1, 1956, the . . . [plaintiff] operated a telephone answering service business from her home in Medford. The . . . [t]elephone . . . [c]ompany furnished the . . . [plaintiff] with the necessary communication equipment . . . . [T]he . . . [plaintiff] about March 1, 1956, sold her home in Medford to the . . . Meaney[s] for approximately $18,000. At the same time she also sold . . . [them] her telephone answering service business for . . . about $12,000. . . . In the bill of sale transferring the goodwill and telephone answering service business . . . the . . . [plaintiff] covenanted 'not to start or participate in another service for a period of 20 years.' " The judge concluded that this "when read . . . with the grant in the bill of sale clearly was limited to the vicinity of Medford and therefore was reasonable as to space. In view of the circumstances incident to the operation of such a service, the . . . covenant was reasonable as to time. . . . Accordingly the covenant was a reasonable restraint arising out of the sale of the business and was legally valid and enforceable . . . in accordance with its terms."

A decree was entered in which these findings and conclusions were incorporated. Thereafter a further decree was entered enjoining the plaintiff "for . . . twenty years from March 1, 1956, from engaging . . . in the telephone answering service in . . . Medford . . . and from competing with the" Meaneys there. Appeals were taken by the plaintiff from both decrees and by the Meaneys from the earlier decree. The evidence is reported.

The bill of sale of the telephone answering service contained a grant of the "good will" and an agreement by the plaintiff "not to start or participate in another service for a period of 20 years." There was evidence of the following other relevant facts. Medford has a population of about 70,000. The telephone answering service in issue is the only one in Medford. The parties were not in agreement whether there was room for two answering services in Medford. There were about 100 customers when the service was sold in 1956, divided between professional and business clients. At the time of the trial there were about 148 customers. There are only approximately seventy-five doctors and dentists in Medford. When the Meaneys bought the house, they financed it by a $12,000 mortgage on the house and by borrowing $15,000 elsewhere, which with $3,000 cash of their own made up the $30,000 aggregate purchase price for the house and the business. The plaintiff insisted on selling the house and the answering service together. No inventory was sold, only the "good will." The fixtures were owned by the telephone company. The Meaneys spent over $5,000 for improvements upon the house.

In view of the evidence about the nature of the business and testimony that such services were usually local, the judge was justified in treating the covenant as "limited to the vicinity of Medford," and in treating this as a reasonable space limitation. See *Ferrone* v. *Mucci,* 335 Mass. 87, 88–89. See also *Foss* v. *Roby,* 195 Mass. 292, 297–298; *Thomas* v. *Paker,* 327 Mass. 339, 340–341; Corbin, Contracts, § 1390. Cf. *Hunt Potato Chip Co.* v. *Hunt,* 340 Mass. 371, 372–374.

The only substantial question is whether the twenty year term of the covenant is of unreasonably long duration. We think that the trial judge correctly concluded that the covenant was valid and should be enforced for its full term. This was a specialized, local business with a particular appeal to a limited group of professional people in Medford. There had been a sale of good will which was entitled to

protection from competition by the vendor for the trade of her former customers. See *Slate Co.* v. *Bikash, ante,* 172, 175–176. The size of the purchase price (known to the vendor to have been payable in cash by the vendees only by means of heavy borrowing) is indication of both the necessity for, and the intention that there should be, a substantial period of freedom from competition from the vendor during which the purchase price could be amortized. In the circumstances, twenty years was a reasonable period. Both the declaratory relief and the injunction were proper as reasonably necessary for the protection of the property and good will which had been sold. See *Anchor Elec. Co.* v. *Hawkes,* 171 Mass. 101, 106–107; *United Shoe Mach. Co.* v. *Kimball,* 193 Mass. 351, 357–359; *Old Corner Book Store* v. *Upham,* 194 Mass. 101, 104–105; *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, 424; *Rosenberg* v. *Adelson,* 234 Mass. 488, 489–490; *Chandler, Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309, 313–315. See also *Becker College of Business Admn.* v. *Gross,* 281 Mass. 355, 358–360; Restatement: Contracts, §§ 515–516; Corbin, Contracts, §§ 1210, 1385–1391; Williston, Contracts (Rev. ed.) §§ 1636–1643; Levin, Non-Competition Covenants in New England, 39 B. U. L. Rev. 482, 502–507 (continued in 40 B. U. L. Rev. 210). See also *Auslyn, Inc.* v. *Rousseau,* 321 Mass. 735, 736–737; *Lynn Tucker Sales, Inc.* v. *LeBlanc,* 323 Mass. 721, 724–725; *Smith* v. *Brown,* 164 Mass. 584, 585 (injunctive relief denied because of laches). Cf. *Horvitz* v. *Zalkind,* 332 Mass. 125, 127, 128–129.

The plaintiff purports to rely upon certain broad statements in *Bishop* v. *Palmer,* 146 Mass. 469, 473–474. These do not apply to the present facts and, in any event, must be read with caution in the light of the later cases. See, e.g., *Anchor Elec. Co.* v. *Hawkes,* 171 Mass. 101, 106–107; *Abramson* v. *Blackman,* 340 Mass. 714, 715.

The decrees are affirmed. The defendants Meaney are to have costs of the appeals.

*So ordered.*