26043. MOORE v. DWOSKIN, INC.

ARGUED SEPTEMBER 17, 1970—DECIDED OCTOBER 14, 1970—
REHEARING DENIED NOVEMBER 5, 1970.

*Rees R. Smith, Ralph H. Witt,* for appellant.
*Irving K. Kaler, Samuel Brown Lippitt,* for appellee.

UNDERCOFLER, Justice. Dwoskin, Inc., filed a complaint in the Superior Court of DeKalb County seeking a temporary and permanent injunction against Robert C. Moore, Sr. The complaint is based on an employment contract between the parties.

After a hearing the trial judge granted a temporary injunction against the defendant and he appeals to this court.

1. The employment contract provides that the employer has established a valuable and extensive trade in the United States, the District of Columbia, the Commonwealth of Puerto Rico, and the Republic of Mexico and that the employee, as vice president of sales, will become familiar with and possessed of the knowledge or methods of operation, price lists, pricing methods, trade secrets, trade routes, sources of supply, business connections, employee relations, and the names and lists of customers and clientele of the employer. The employment contract provides that for a period of two years immediately following the termination of the contract the employee would not engage in the wallcovering and decorative fabric business as a manager, salesman, owner or in any other sales capacity anywhere within his assigned territory which consists of 206 counties in 22 states, plus the District of Columbia and 4 cities in Virginia. The contract provides that new territory could be added to the restricted area.

Although contracts in general restraint of trade are void as being contrary to public policy (*Code* § 20-504), a contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory and not otherwise unreasonable is not void. *Black v. Horowitz*, 203 Ga. 294 (1) (46 SE2d 346). Reasonableness as to territory depends, not so much on the geographical size of the territory, as on the reasonableness of the territorial restriction in view of the facts and circumstances of the case. *Rakestraw v. Lanier*, 104 Ga. 188, 195 (30 SE 735, 69 ASR 154). "[A]s a matter of law, such a contract is to be upheld, if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public." *Rakestraw v. Lanier*, supra, p. 194.

The evidence in this case shows that under the terms of the contract new territory has been added to the restricted area and the employee is now prohibited from engaging in his trade or business in counties which are the primary business

areas of 31 states; that the employer does not have salesmen covering the territory but some of the business is done by mail orders from sample books being distributed; that the employer does not know whether it does business in all of the *counties* involved in the prohibited territory since its records are based on *cities and states* and not on counties; and it does not know whether it is still doing business in all of those cities.

In *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, 808 (51 SE2d 669), this court held than an employment contract which in practical effect prohibited the employee from pursuing his trade or business within the boundaries of the State was void and against public policy. See also, *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731); *J. C. Pirkle Machinery Co. v. Walters,* 205 Ga. 167 (52 SE2d 853). We think these cases are applicable here and accordingly hold that this contract which prohibits the employee from pursuing his trade or business in counties which comprise the primary business areas of 31 states is "unreasonable, not necessary for the protection of the party in whose favor the restraint was imposed, oppressive to the party restrained, and opposed to the interests of the public." *Rakestraw v. Lanier,* supra, p. 202.

*Turner v. Robinson,* 214 Ga. 729, 731 (107 SE2d 648), does not require a different result. That holding was based upon the limited and unusual nature of the business involved.

2. Because of the rulings in Division 1 of this opinion, it is not necessary to rule on the other enumerations of error.

*Judgment reversed. All the Justices concur.*