596 P.2d 43

**Alfred W. GANN and Connie A. Gann, husband and wife, Plaintiffs-Appellees,**

v.

**Gerry MORRIS, Defendant-Appellant.**

**No. 2 CA–CIV 3049.**

Court of Appeals of Arizona, Division 2.

March 29, 1979.

Rehearing Denied April 25, 1979.

Review Denied May 22, 1979.

518

Stompoly & Even, P. C. by John Patrick Lyons, Tucson, for plaintiffs-appellees.

J. Mathias Myers, Tucson, for defendant-appellant.

## OPINION

RICHMOND, Chief Judge.

Following a court trial, the buyers of a silk screening business were awarded damages for the seller's breach of a covenant not to compete. On the seller's appeal we must determine whether the trial court was correct in upholding the covenant and computing damages as it did. We find no error and affirm.

■ We view the facts in the light most favorable to upholding the judgment. *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975). On April 11, 1974, Gerry Morris entered into an agreement to sell his "silk screening business or lettering shop" to Alfred and Connie Gann. The agreement provided in part:

Seller agrees not to enter into silk screening or lettering shop business within Tucson and a 100 mile radius of Tucson, a period of ten (10) years from the date of this Agreement and will not compete in any manner whatsoever with buyers and seller further agrees that he will refer all business contacts . . . to buyers.

The trial court found that seller "breached the contract in that he competed with [buyers] and failed to refer all business under the terms of that contract." Seller urges that the contract, including the covenant not to compete, is unenforceable as a restraint of trade which violates public policy.

■ Covenants not to compete, although amounting to partial restraints of trade, will be enforced where they are ancillary to contracts for employment or sale of a business and are reasonably limited as to time and territory. *Piercing Pagoda, Inc. v. Hoffner,* 465 Pa. 500, 351 A.2d 207

(1976). What is reasonable depends on the whole subject matter of the contract, the kind and character of the business, its location, the purpose to be accomplished by the restriction, and all the circumstances which show the intention of the parties. *Farmer v. Airco, Inc.,* 231 Ga. 847, 204 S.E.2d 580 (1974).

■ Courts distinguish between covenants incidental to employment contracts and those incidental to sales of businesses because the policy considerations necessarily differ. *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838, 846 (1957). In the case of employment contracts, an employee is restricted from using his personal skills and experience, which may seriously impair his ability to earn a living. In light of the potential hardship and uneven bargaining position of the parties, courts scrutinize employer-employee agreements closely. *Erikson v. Hawley,* 56 App.D.C. 268, 12 F.2d 491 (1926); *Morgan's Home Equipment Corp. v. Martucci,* supra. Courts have shown greater reluctance to interfere where the contract involves the sale of a business. *Taylor Freezer Sales Company v. Sweden Freezer Eastern Corporation,* 224 Ga. 160, 160 S.E.2d 356 (1968). In either case, whether the contract is reasonable is generally held to be a matter of law for the court to decide. *See, e. g., Jewel Box Stores Corporation v. Morrow,* 272 N.C. 659, 158 S.E.2d 840 (1968); *Greer v. Lifsey,* 128 Ga.App. 785, 197 S.E.2d 846 (1973).

■ Where limited as to time and space, the covenant is ordinarily valid unless it is to refrain from all business whatsoever. *Henderson v. Jacobs,* 73 Ariz. 195, 239 P.2d 1082 (1952). Here, the seller agreed not to enter into the silk screening or lettering shop business within Tucson and a 100-mile radius of Tucson for 10 years. Although the covenant goes on to say that seller will not compete in any manner whatsoever, that language is clearly limited by the subject matter of the entire contract to the kind and character of the business sold.

The rationale for enforcing covenants not to compete is particularly valid in the case of a small business, operated by an individual who had developed a clientele and a reputation in a specialized business area. The sale of such a business necessarily includes the sale of good will and the purchaser has the right to assure himself as best he can of the transfer of the good will. *Bonneau v. Meaney,* 343 Mass. 368, 178 N.E.2d 577 (1961); *Jewel Box Stores Corporation v. Morrow,* supra.

At the time of the sale in this case, one of the customers of the business had offices in Benson, Phoenix and San Manuel, an area extending beyond the 100-mile restriction in the agreement. Restrictions for 10 years or more have been upheld where it was determined that the covenant was reasonable under all the circumstances. *Kolton v. Dinetz,* 19 Misc.2d 1084, 191 N.Y.S.2d 175 (1959); *Turek v. Tull,* 37 Del.Ch. 190, 139 A.2d 368 (1958); *Colby v. McLaughlin,* 50 Wash.2d 152, 310 P.2d 527 (1957); *Bonneau v. Meaney,* supra.

From the foregoing, we conclude the scope of the covenant in this case is not unreasonable as broader than necessary to protect the interest of the buyers of a small silk screening business. The seller offered no evidence to the contrary. Under the circumstances the buyers are "entitled to enforcement of the covenant as written, it having been entered into voluntarily and for a consideration." *Kolton v. Dinetz,* supra.

On the question of damages, the trial court's findings are supported by invoices for sales made in violation of the agreement, and testimony of both buyer and seller as to average cost and profits per sale. The trial court limited its award to the lost profits specifically established by such evidence. We find no error in its computation.

Appellee's request for reasonable attorney's fees on appeal pursuant to A.R.S. § 12–341.01 is hereby granted. *Gressley v. Patterson Tillage and Leveling, Inc.,* 119 Ariz. 154, 579 P.2d 1124 (App.1978). The mandate shall include an award of $500 in attorney's fees to appellees.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.