609 P.2d 1062

### SNELLING AND SNELLING, INC., a corporation, Plaintiff/Appellee,

v.

### DUPAY ENTERPRISES, INC., dba Snelling and Snelling, a corporation; Paul P. Payne, Jr. and Nancy H. Payne, Individuals, Defendants/Appellants.

### No. 2 CA–CIV 3376.

Court of Appeals of Arizona, Division 2.

Feb. 12, 1980.

Rehearing Denied March 26, 1980.

Review Denied April 15, 1980.

Law Offices Lesher, Kimble & Rucker, P. C. by Robert O. Lesher, Tucson, Drummond & Nelson by Gregory J. Nelson, Phoenix, for plaintiff/appellee.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by John F. Molloy and Michael J. Meehan, Tucson, for defendants/appellants.

## OPINION

RICHMOND, Judge.

Appellants raise five issues in this appeal from a judgment n. o. v. in a dispute arising out of franchise contracts between appellants and Snelling and Snelling, Inc.: 1) Whether the covenants not to compete in the franchise contracts are enforceable; 2) whether appellants' Arizona registration of Snelling's service mark violated the Lanham Act; 3) whether Snelling breached implied covenants to permit reasonable expansion; 4) whether Snelling violated the state antitrust law by tying appellants' acquisition of a new franchise to a franchise on appellants' Mexico City employment agency; and 5) whether the court erred in failing to admit evidence and in refusing to submit factual issues to the jury.

We agree with appellants that the covenants not to compete were unreasonable in part, but affirm the judgment in all other respects.

## I. THE COVENANTS NOT TO COMPETE

In 1964 appellants entered into a franchise contract with Snelling for a locally owned and operated employment agency using the Snelling name. The contract contained the following covenants not to compete:

8. (b) Licensee acknowledges that the name "Snelling and Snelling", the business reputation associated therewith, the methods and techniques employed by SNELLING, the training and instruction to be provided hereunder, the knowledge of the services and methods of SNELLING, and the opportunities, associations and experience established and acquired by Licensee hereunder and as a member of the Snelling and Snelling System, are of considerable value. In consideration thereof, and in the event of termination of this agreement for any reason whatsoever, Licensee shall not thereafter engage, either directly or indirectly, as principal or employee, alone or in association with others, in a similar business to that licensed and established hereunder either

(i) within thirty-five (35) miles of the area described in paragraph 1(a) for a period of three (3) years; or

(ii) within thirty-five (35) miles of any other SNELLING office or franchise area now or hereafter established by SNELLING for a period of eighteen (18) months.

Appellants contend that these covenants are unreasonable and unenforceable. We agree that the provision prohibiting them from establishing a business within 35 miles of any other Snelling office is unreasonable but uphold the three-year covenant limited to their franchise area.

At trial the parties agreed that Arizona law controlled on the question of the covenants although the contract between them specifically provides that it "be interpreted and governed by the laws of the commonwealth of Pennsylvania." Regardless of whether Pennsylvania or Arizona law applies, however, the covenant not to compete must be reasonably limited in both time and territory. *Piercing Pagoda, Inc. v. Hoffner,* 465 Pa. 500, 351 A.2d 207 (1976); *Gann v. Morris,* 122 Ariz. 517, 596 P.2d 43 (App.1979). To be reasonable, the territorial restriction should be limited to the territory in which appellants established customer contacts and good will. *Gulick v. A. Robert Strawn & Associates, Inc.,* 477 P.2d 489 (Colo.App.1970). Unreasonable restrictions may be modified, and the contract reasonably construed, to give adequate protection to Snelling's business interests without undue hardship to appellants. *Piercing Pagoda,* supra; *Esmark, Inc. v. McKee,* 118 Ariz. 511, 578 P.2d 190 (App.1978). Covenant 8(b)(ii), which is not limited to the area where appellants established good will, is unreasonable and must be stricken. The

covenant not to compete within 35 miles of appellants' franchise area for three years is reasonable and enforceable, however. *See Spalding v. Southeastern Personnel of Atlanta, Inc.,* 222 Ga. 339, 149 S.E.2d 794 (1966) (upholding covenant not to compete within 30 miles of employment office for two years).

## II. TRADEMARK INFRINGEMENT

The service mark "Snelling and Snelling, Inc." is registered in the United States Patent and Trademark Office. In 1976 appellants registered the mark as their own with the Arizona Secretary of State pursuant to A.R.S. § 44–1460. The Arizona Labor Department later refused to allow the transfer of another Snelling franchise in Mesa because the trade name was registered in appellants' name. Appellants assigned the Arizona trade name to Snelling prior to the trial.

Snelling contends that the state registration of the trademark constituted a violation of the Lanham Act, 15 U.S.C. §§ 1051–1127, in that it was "likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C. § 1114. The jury found no intent to infringe but the court entered judgment n. o. v., finding there was infringement but that no monetary damages should be awarded.

The issue of whether a trademark was violated is a question of law to be decided by the court. *Marquis Who's Who, Inc. v. North American Advertising Associates, Inc.,* 426 F.Supp. 139 (D.C.1976), affirmed 574 F.2d 637 (D.C.Cir.). We agree with the trial court that appellants' registration of the Snelling service mark as their own was likely to confuse the public as it did the state department of labor. Although a franchisor may seek the subordination of the identity of the individual owners to the group image, *Mascaro v. Snelling and Snelling of Baltimore, Inc.,* 250 Md. 215, 243 A.2d 1 (1968), *cert. den.* 393 U.S. 981, 89 S.Ct. 451, 21 L.Ed.2d 442, the reverse is a far different thing. Appellants' registration of Snelling's service mark could have misled the public to believe that appellants owned or controlled all the Snelling offices in Arizona.

## III. THE IMPLIED COVENANT TO EXPAND

Appellants contend that Snelling breached an implied duty to permit reasonable expansion within the area of appellants' exclusive franchise. The jury agreed and found damages of $42,840, but the court entered judgment n. o. v. in favor of Snelling. On appeal from judgment n. o. v., the court must review the evidence to determine whether reasonable minds could draw different inferences from the facts. *Times Mirror Co. v. Sisk,* 122 Ariz. 174, 593 P.2d 924 (App.1978). Here, the franchise agreement specifically states that appellants "shall not open any additional or branch offices except upon such terms and conditions as Snelling shall require." The only inference is that appellants had an exclusive franchise area but Snelling retained the right to decide when and upon what terms they would be awarded more franchises within that area.

## IV. THE "TYING" AGREEMENT

Snelling admits for purposes of this argument that it refused additional franchises to appellants unless they agreed to bring their Mexican enterprise into the Snelling system. Appellants claim that this is a tying arrangement in violation of A.R.S. § 44–1403. A tying arrangement involves a seller's refusal to sell one product unless the buyer also purchases another, different product. *Moore v. Jas. H. Matthews & Co.,* 550 F.2d 1207 (9th Cir. 1977).

At least three criteria must be met to establish an illegal tying arrangement: 1) There must be a tying arrangement between two distinct products or services; 2) the defendant must have sufficient economic power in the tying market; 3) the amount of commerce in the tied product market must be substantial. *Id.* Here, the first was not met since no additional franchise contracts or tie-in sales were entered into, *Allied Equipment Co. v. Weber Engineered Products, Inc.,* 237 F.2d 879 (4th Cir. 1956); *Goldinger v. Boron Oil Co.,* 375 F.Supp. 400 (W.D.Pa.1974), *affirmed* 511 F.2d 1393 (3rd Cir. 1975), and only one product, the Snelling franchise, was involved. *Moore, supra.*

## V. OTHER ISSUES

None of the rejected evidence was relevant to the issue of infringement on Snelling's trade name or any issue raised by appellants' counterclaim for declaratory judgment or damages for antitrust violation. In any event, the evidentiary rulings and refusal to submit interrogatories or to give certain instructions to the jury were rendered moot by the judgment n. o. v.

The judgment of the trial court is modified to strike as unreasonable the covenant not to compete within 35 miles of any other Snelling office or franchise area now or hereafter established by Snelling for a period of 18 months, and as so modified is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.