**GAME TECH INTERNATIONAL,
a Delaware corporation,
Plaintiff–Appellee,**

v.

**TREND GAMING, L.L.C., a Kentucky limited liability company, and Steven W. Hieronymus, and Rhonda Hieronymus, husband and wife, Defendants–Appellants.**

No. 04–17087.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed March 5, 2007.

E. Jeffrey Walsh, Esq., Robert A. Mandel, Esq., Greenberg Traurig LLP, Phoenix, AZ, for Plaintiff–Appellee.

Richard E. Chambliss, Esq., Broening Oberg Woods & Wilson, Phoenix, AZ, for Defendants–Appellants.

Before: KLEINFELD and BYBEE, Circuit Judges, and WHALEY *, District Judge.

* The Honorable Robert H. Whaley, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

## MEMORANDUM **

In this diversity action, Trend Gaming and Steven W. and Rhonda Hieronymus appeal the district court's denial of their motion for summary judgment, the district court's judgment following a jury verdict in favor of GameTech International, the district court's refusal to reduce the jury's award to adjust for the attrition rate of charities that used GameTech's products, and the district court's refusal to grant defendants judgment as a matter of law on GameTech's claim for punitive damages. The underlying facts are largely undisputed and are known to the parties. We, therefore, repeat them here only as necessary.

### I.

The district court did not err in denying Trend's summary judgment motion. Generally, we do not review a district court's denial of summary judgment based on a disputed issue of fact where a full trial was conducted on the merits. *Banuelos v. Construction Laborers' Trust Funds For S. Cal.*, 382 F.3d 897, 902–03 (9th Cir. 2004). Here, the district court denied Trend's motion for summary judgment because it found there were genuine issues of material fact regarding intent, which caused the contract to be reasonably susceptible to more than one interpretation. Under Arizona law, whether the contract language is reasonably susceptible to more than one interpretation is a question of law for the court. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 154, 854 P.2d 1134 (1993). Thus, notwithstanding the fact that the district court concluded there were issues of material fact, in essence it was concluding that the contract language is "reasonably susceptible" to more than

interpretation, which is a question of law which this court reviews *de novo*. *Id.*

■ We conclude that the district court was correct in finding that extrinsic evidence caused the restrictive covenant to be reasonably susceptible to more than one interpretation. There was conflicting evidence presented to the court regarding the duration, geographic scope, and scope of activities and whether it was related to the protection of GameTech's legitimate business interest.

### II.

The district court's submission of the question of the reasonableness of the restrictive covenant to the jury does not require reversal. A trial court's submission of an issue to the jury is a legal question that is usually reviewed *de novo*. *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1426 (9th Cir.1996). Under Arizona law, although the reasonableness of a restrictive covenant is a fact-intensive inquiry that depends on the totality of the circumstances, *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366–67, 982 P.2d 1277 (1999), whether a restrictive covenant is reasonable is generally a matter of law for the court to decide. *Gann v. Morris*, 122 Ariz. 517, 518, 596 P.2d 43 (1979).

■ The Arizona Supreme Court has never addressed the propriety of submission of the reasonableness question to the jury and we need not predict how it would rule were the precise issue before it. *See Chale v. Allstate Life Ins. Co.*, 353 F.3d 742, 745 (9th Cir.2003). If submission of this question to the jury was error, that error was harmless in light of the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's post-trial ruling that the restrictive covenant was enforceable.[1]

### III.

█ The district court did not err in giving an instruction on the reasonableness of the restrictive covenant. In reviewing challenged jury instructions, we look at the instructions as a whole to determine whether they fairly and accurately cover the substance of the law. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1087 (9th Cir.2005). Whether a jury instruction properly states the elements to be proved at trial is a question of law that is reviewed *de novo. Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). We conclude that the jury instruction properly stated the elements to be proved at trial, and fairly and adequately covered the issues presented. The district court did not err in providing this instruction to the jury.

### IV.

The district court did not err in denying Trend's motion for a new trial. A denial of a motion for new trial is reviewed for abuse of discretion, and such a denial is reversed only if the district court makes a legal error in applying the standard for a new trial, or the record contains no evidence that can support the verdict. *Alford v. Haner*, 446 F.3d 935, 936 (9th Cir.2006). The evidence is interpreted in the light most favorable to the party successful at trial. *Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774 (9th Cir.2005).

█ In denying Trend's motion for new trial, the district court concluded that the jury was free to reject Mr. Hieronymus's testimony regarding customer attrition and rely on Mr. Clarke's "level of revenue" testimony instead. The district court properly applied the standard for a new trial, and did not err in finding that the jury was free to reject the testimony of Mr. Hieronymus and accept the testimony of Mr. Clarke. Based on Mr. Clarke's testimony, there was sufficient evidence in the record to support the damages award.

### V.

The district court properly denied Trend's motion for judgment as a matter of law with regard to the punitive damages award. The district court's denial of a renewed motion for judgment as a matter of law is reviewed *de novo. Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). The evidence is viewed in the light most favorable to GameTech, the non-moving party. *Id.* In reviewing Trend's challenge to the sufficiency of the evidence, the Court considers whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *Id.*

█ Here, the jury's finding that Trend and Hieronymus acted with malice or wantonness when they interfered with Game-Tech's prospective business relationship with the charities is adequately supported by the evidence. The jury's award of punitive damages was, therefore, reasonable.

**AFFIRMED.**

---

[1]. The parties agree the asserted error is subject to a harmlessness analysis.