**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SEYCHELLES ORGANICS, INC., a Delaware corporation,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>JOHN R. ROSE; ANUMED INTERNATIONAL, LLC; MARIA ESPARZA,<br><br>        Defendants-Appellees. | No.    15-15814<br><br>D.C. No. 2:11-cv-01746-FJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted March 14, 2017
San Francisco, California

Before:  TROTT, WARDLAW, and GOULD, Circuit Judges.

Seychelles Organics, Inc. ("Seychelles") appeals the district court's denial of

its motion to show cause why John R. Rose ("Rose"), Julie Alcantar, Anumed

International, LLC, and Maria Esparza should not be held in contempt for allegedly

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violating a 25-year non-compete clause in the Settlement Agreement between Seychelles and Rose. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Seychelles argues that the district court violated its procedural due process rights by "sua sponte modifying its prior judgment" without providing notice or a hearing. *See Armstrong v. Brown*, 768 F.3d 975, 979–80 (9th Cir. 2014) (court modifying injunction must "provide the affected party with notice and an opportunity to be heard"). However, the district court did not modify the injunction, but rather declined to enforce it because the injunction was invalid. Seychelles thus was not entitled to a due process hearing. "[O]nce an injunction in a civil case has been invalidated, rights granted under the injunction no longer exist and cannot be enforced." *Hampton Tree Farms, Inc. v. Yeutter*, 956 F.2d 869, 871 (9th Cir. 1992). Moreover, the district court did not issue its order sua sponte, as Seychelles claims. Rather, it issued it in response to Seychelles' motion for an order to show cause. The district court was not required to provide advance notice as to the precise reason it was denying the motion.

2.      The district court did not err in holding that the section of the Settlement Agreement containing the non-compete clause was invalid and legally

2

unenforceable.[1]  Seychelles argues that the non-compete clause was a reasonable

restraint on trade ancillary to the sale of the goodwill of a business.  However, the

provision barring Rose from competing worldwide for 25 years in the markets for

certain hormonal supplements was unrelated to the sale of Rose's businesses.

Instead, it was part of the settlement of Seychelles' legal claims.  The covenant not

to compete thus does not further any "legitimate interest beyond [Seychelles']

desire to protect itself from competition." *Valley Med. Specialists v. Farber*, 982

P.2d 1277, 1281 (Ariz. 1999).  Accordingly, the restraint is naked rather than

ancillary.  *See* Restatement (Second) of Contracts § 187 cmt. b (Am. Law Inst.

1981) ("A promise made subsequent to the transaction or relationship is not

ancillary to it.").  Naked restraints like the one here are per se invalid under

Arizona contract law.  *Valley Med. Specialists*, 982 P.2d at 1281; *see also*

Restatement (Second) of Contracts § 187 ("A promise to refrain from competition

that imposes a restraint that is not ancillary to an otherwise valid transaction or

relationship is unreasonably in restraint of trade.").

---

[1]Although Alcantar, Anumed International and Esparza were not parties to
the settled lawsuit and are not signatories to the Settlement Agreement, to the
extent the non-compete clause is unenforceable as to Rose, it is also unenforceable
as to them.

Even if the rule of reason applied, the covenant would be invalid because it is unreasonably broad in scope. A 25-year, worldwide non-compete agreement is not "reasonably limited as to time and territory," *see Gann v. Morris*, 596 P.2d 43, 44 (Ariz. Ct. App. 1979), and no case cited by Seychelles is to the contrary.

3. "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Because the non-compete clause was invalid under Arizona contract law, the district court lacked power to enforce that clause in the Settlement Agreement.

Seychelles' arguments that the court had authority to enforce the clause as a contempt sanction or equitable remedy lack merit. The predicate for a contempt sanction is a finding of contempt. The predicate for an equitable remedy is a finding of breach. The district court made neither of these findings, and nothing in the Stipulated Judgment indicates that it viewed its ruling as a sanction or remedy.

**AFFIRMED.**